UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

KAI LOCK, KYLE STRAKER, MICHAEL NICKICH, and on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

COSTCO WHOLESALE CORPORATION,

Defendant.

-------------------------------------------------------------------- X

Case No. 23 Civ. 7904

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Kai Lock, Kyle Straker, and Michael Nickich, on behalf of themselves and all others similarly situated, by and through their attorneys Kessler Matura P.C., complaining of Defendant Costco Wholesale Corporation ("Defendant" or "Costco"), allege as follows as for their Complaint:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this lawsuit to recover unpaid overtime wages and other damages on behalf of all of Costco's Junior Managers, based on Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the New York Labor Law ("NYLL"), Articles 6 and 19, and appropriate rules and regulations.

2.      Costco failed to pay Plaintiff and similarly situated Junior Managers for all hours worked, consistently paying them a salary each week despite the number of hours they actually worked.

3.      While employed by Costco, Plaintiffs and other similarly situated Junior Managers consistently worked over 40 hours per week without receiving premium overtime pay for all the

hours they worked.  This was done according to Costco policy to classify Junior Managers as overtime-exempt employees.

4.      Plaintiffs bring the First Cause of Action on behalf of themselves and the following "Collective" pursuant to 29 U.S.C. § 216(b):

> All individuals who worked for Defendant in a salaried Junior Manager position at any time since October 23, 2020.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring the Second and Third Causes of Action on behalf of themselves and all similarly situated "Class Members," defined as follows:

> All individuals who worked for Defendant in a salaried Junior Manager position within the State of New York at any time since October 23, 2027 (the "Class").

## JURISDICTION & VENUE

6.      Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

7.      This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because events giving rise to this action occurred in Suffolk and Nassua Counties.

8.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a).

## THE PARTIES

*Plaintiff Kai Lock*

9.      Lock is a resident of Suffolk County, New York.

10.     Lock has been employed by Defendant in various positions since September 2018.

11.     Lock is also known by Defendant as Kelsey Lock, which is the name reflected on his paystubs, for instance.

2

12.     Lock works at Defendant's Nesconset location at 3000 Middle Country Road, Nesconset, New York 11767

13.     From about June 2021 through January 2022, Defendant employed Lock as a salaried Junior Manager.

14.     While employed as a Junior Manager, Defendant scheduled Lock to work five nine-hour shifts per week.

15.     While employed as a Junior Manager, Defendant also required, at times, Lock to work a sixth shift per week.

16.     While employed as a Junior Manager, Lock was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

17.     Lock regularly had to work later than his scheduled shift.

18.     As a result, Lock regularly worked over 40 hours a week.

19.     For example, during the two workweeks between December 6, 2021, and December 19, 2021, Plaintiff worked over 40 hours in each workweek.

20.     At all times while employed as a salaried Junior Manager, Lock was paid a weekly salary.  Lock was never paid any additional wages for working over 40 hours a week.

21.     For example, during the two workweeks between December 6, 2021, and December 19, 2021, Lock was paid his biweekly salary of $2,730.77.

22.     According to the paystub provided to Lock, his salary was to pay him for 80 hours of work at $34.13 an hour.

23.     Defendant failed to record Lock's actual hours work and report the actual number of hours worked per week on his paystub.

24.     For example, during the two workweeks between December 6, 2021, and December 19, 2021, Defendant reported that Lock's "Current Hours Worked" was 80.

25.     While employed as a Junior Manager, Lock was entitled to receive overtime pay for all hours worked over 40.

26.     While employed as a Junior Manager, Lock was an "employee" as defined by 29 U.S.C. § 203(e)(1).

27.     While employed as a Junior Manager, Lock was an "employee" as defined by NYLL §§ 190(2), 651(5).

***Plaintiff Kyle Straker***

28.     Straker is a resident of Suffolk County, New York.

29.     Straker was employed by Defendant in various positions from 2014 through 2022.

30.     Straker worked at Defendant's Holbrook store at 125 Beacon Drive, Holbrook, New York 11741, and at Defendant's Nesconset store at 3000 Middle Country Road, Nesconset, New York 11767.

31.     Defendant employed Straker as a salaried Junior Manager throughout 2020 through 2022.

32.     While employed as a Junior Manager, Defendant scheduled Straker to work five nine-hour shifts per week.

33.     While employed as a Junior Manager, Defendant also required, at times, Straker to work a sixth shift per week.

34.     While employed as a Junior Manager, Straker was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

35.     Straker regularly had to work later than his scheduled shift.

4

36.    As a result, Straker regularly worked over 40 hours a week.

37.    At all times while employed as a salaried Junior Manager, Straker was paid a weekly salary.  Straker was never paid any additional wages for working over 40 hours a week.

38.    According to the paystub provided to Straker, his salary was to pay him for 80 hours of work.

39.    Defendant failed to record Straker's actual hours work and report the actual number of hours worked per week on his paystub.

40.    Regardless of the number of hours Straker worked, Defendant reported that Straker's "Current Hours Worked" was 80 on his paystubs.

41.    While employed as a Junior Manager, Straker was entitled to receive overtime pay for all hours worked over 40.

42.    While employed as a Junior Manager, Straker was an "employee" as defined by 29 U.S.C. § 203(e)(1).

43.    While employed as a Junior Manager, Straker was an "employee" as defined by NYLL §§ 190(2), 651(5).

***Plaintiff Michael Nickich***

44.    Nickich is a resident of Nassau County, New York.

45.    Nickich was employed by Defendant in various positions since about June 2017.

46.    Nickich worked at Defendant's Westbury store at 1250 Old Country Road, Westbury, New York 11590.

47.    From about December 2020 through about June 2022, Defendant employed Nickich as a salaried Junior Manager.

48.    While employed as a Junior Manager, Defendant scheduled Nickich to work five nine-hour shifts per week.

49.    While employed as a Junior Manager, Defendant also required, at times, Nickich to work a sixth shift per week.

50.    While employed as a Junior Manager, Nickich was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

51.    Nickich regularly had to work later than his scheduled shift.

52.    As a result, Nickich regularly worked over 40 hours a week.

53.    For example, during the two workweeks between May 24, 2021, through June 6, 2021, Nickich worked over 40 hours in each workweek.

54.    At all times while employed as a salaried Junior Manager, Nickich was paid a weekly salary.  Nickich was never paid any additional wages for working over 40 hours a week.

55.    For example, during the two workweeks between May 24, 2021, through June 6, 2021, Nickich was paid his biweekly salary of $2,788.45.

56.    According to the paystub provided to Nickich, his salary was to pay him for 80 hours of work at $34.85 an hour.

57.    Defendant failed to record Nickich's actual hours work and report the actual number of hours worked per week on his paystub.

58.    For example, during the two workweeks between May 24, 2021, through June 6, 2021, Defendant reported that Nickich's "Current Hours Worked" was 80.

59.    While employed as a Junior Manager, Nickich was entitled to receive overtime pay for all hours worked over 40.

60.    While employed as a Junior Manager, Nickich was an "employee" as defined by 29 U.S.C. § 203(e)(1).

61.    While employed as a Junior Manager, Nickich was an "employee" as defined by NYLL §§ 190(2), 651(5).

***Defendant Costco Wholesale Corporation***

62.    At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

63.    Defendant applied the same employment policies, practices, and procedures to all Junior Managers throughout the State of New York, including policies, practices, and procedures with respect to classification and payment of overtime compensation.

64.    Defendant is a domestic non-profit corporation, authorized to do business pursuant to the laws of the State of New York.

65.    Throughout the relevant period, Defendant owned and operated about 19 Costco stores in New York, including the stores located at the following addresses:

     a.  976 3rd Ave., Brooklyn, NY 11232-2400

     b.  10 Garet Pl, Commack, NY 11725-5421

     c.  125 Beacon Dr, Holbrook, NY 11741-4309

     d.  605 Rockaway Tpke, Lawrence, NY 11559-1047

     e.  517 E 117th St, New York, NY 10035-4409

     f.  625 Broadhollow Rd, Melville, NY 11747-5006

     g.  50 Overlook Blvd, Nanuet, NY 10954-5290

     h.  3000 Middle Country Rd, Nesconset, NY 11767-1072

    i.   1 Industrial Ln, New Rochelle, NY 10805-1203

    j.   3705 Hampton Rd, Oceanside, NY 11572-4808

    k.   1 Westchester Ave, Port Chester, NY 10573-4314

    l.   3250 Vernon Blvd, Long Island City, NY 11106-4927

    m.  6135 Junction Blvd, Rego Park, NY 11374-2771

    n.   1768 Old Country Rd, Riverhead, NY 11901-3146

    o.   335 Westfall Road, Rochester, NY 14620-4603

    p.   2975 Richmond Ave, Staten Island, NY 10314-5851

    q.   120 Township Blvd, Camillus, NY 13031-1659

    r.   1250 Old Country Rd, Westbury, NY 11590-5624

66.    Defendant's headquarters are located at 900 Lake Drive, Issaquash, WA 98027.

67.    Defendant employed employees, including Plaintiffs.

68.    Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

69.    Defendant is an "employer" within the meaning of N.Y. Lab. Law §§ 190(3), 651(6).

70.    At all relevant times, the activities of Defendant constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

71.    Defendant maintains control, oversight, and direction over its operations and employment practices.

72.    At all times hereinafter mentioned, Defendant employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C.

§ 203(b), (g), (i), (j), (r) & (s).

73.    At all times hereinafter mentioned, Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

74.    Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated individuals in the FLSA Collective who elect to opt-in to this action.

75.    Upon information and belief, there are approximately more than 100 Junior Managers that are similarly situated to the Plaintiffs who were denied overtime by Defendant.

76.    Plaintiffs represent other Junior Managers and are acting on behalf of Defendant's Junior Managers interests as well as their own interests in bringing this action.

77.    Defendant required the FLSA Representatives, and all individuals employed as Junior Managers to work over 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate.

78.    Defendant was aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiffs and the Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendant suffered or permitted them to work more than 40 per workweek.

79.    The FLSA Collective is readily identifiable and locatable through the use of the Defendant's records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be

unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## CLASS ACTION ALLEGATIONS

80.     Plaintiffs bring the Second and Third Causes of Action on behalf of themselves and the Class, pursuant to Rule 23.

81.     The persons in the Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

82.     Upon information and belief, the size of the Class exceeds 200 individuals.

83.     At any given time, Defendant employs dozens of Junior Managers across its facilities.

84.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to:

   a.  Whether Defendant improperly misclassified Plaintiffs and the Class as overtime exempt.

   b.  Whether Defendant failed to pay proper overtime compensation for all work-hours and violated the NYLL and the supporting New York State Department of Labor regulations;

   c.  Whether Defendant failed to keep accurate time records for all hours worked by Plaintiffs and the Class;

   d.  What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   e.  Whether Defendant failed to furnish Plaintiffs and the Class with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by NYLL § 195 with each payment of wages;

   f.  The nature and extent of Class-wide injury and the appropriate measure of damages sustained by the Class Representatives and the Class; and

g.  Whether Defendant lacked a reasonable, good-faith reason for failing to pay Plaintiffs and the Class overtime wages.

85.    Plaintiffs, as putative class representatives, fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

86.    A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate defendant.  Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

87.    Further, Plaintiffs the Class have been equally affected by Defendant's failure to pay proper overtime wages and provide proper wage statements.

88.    Plaintiffs' claims are typical of those of the Class.  Plaintiffs and the other Class members were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  Plaintiffs' job duties are typical of those of the class members.

89.    This action is properly maintainable as a class action under Rule 23.

## COMMON FACTUAL ALLEGATIONS

90.    Plaintiffs and the Class Members contend that they are due overtime premiums under the FLSA and NYLL and were not provided accurate wage statements.

91.    Defendant's conduct was widespread, repeated, and consistent.

92.    Defendant's policy and pattern or practice includes but is not limited to:

11

a. Misclassifying its Junior Managers as exempt from the FLSA and the NYLL;

b. Not recording all the time that its Junior Managers worked for the benefit of Defendant;

c. Not paying its employees overtime wages for the hours that they worked in excess of 40 per workweek; and

d. Not reporting all the time that its Junior Managers worked to obfuscate their unlawful overtime policy.

93.    Regardless of the location at which Plaintiffs and Class Members worked for Defendant, Defendant's policies and practices remained substantially the same.

***Costco Misclassification and Unpaid Overtime Wages***

94.    Defendant Costco misclassified Junior Managers as exempt from overtime.

95.    Plaintiffs and Class Members were paid a fixed salary regardless of hours they worked in one workweek.

96.    Plaintiffs and Class Members were paid their fixed salaries for 40 hours of work each week.

97.    Defendant had a policy and pattern or practice to require Plaintiffs and Class Members to work in excess of 40 hours per week.

98.    Junior Managers, like Plaintiffs, were scheduled to work at least five nine-hour shifts a week.

99.    Junior Managers regularly worked beyond their scheduled end time to their assigned duties.

100.    Defendant was aware or should have been aware of all the work that Junior Managers performed.

101.    Junior Managers did not take uninterrupted meal breaks each shift.

102.    Junior Managers were unable to take uninterrupted meal breaks because, *inter alia*, they were interrupted while on break by other employees contacting them on their company-issued walkie-talkie.

103.    Defendant did not pay Plaintiffs and Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA and the NYLL.

***Inaccurate Wage Statements***

104.    Defendant did not provide Plaintiffs and Class Members with an accurate wage statement each pay period.

105.    Defendant did not list accurate hours worked on Junior Managers' paystubs.

106.    The paystubs, with some exceptions, report that 80 hours were worked and paid each biweekly pay cycle.

107.    As a result, Defendant did not furnish Plaintiffs and Class Members with an accurate statement of hours worked as required by NYLL.

108.    Defendant's failure to report Plaintiffs' and Class Members' actual hours worked facilitated its unlawful overtime policy.

109.    That is, Defendant failed to provide Junior Managers with the information necessary to determine whether their weekly hours ever exceeded 40 in a single workweek, entitling them to overtime.

110.    This hindered Plaintiffs and Class Members' ability to challenge the unlawful wage payment at the time of the payment.

***Defendant's Actions Were Willful and Done Without Reasonable Good Faith***

111.    At all times relevant, Defendant's policies and practices were willful.  As part of its business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, or policy that did not comport with the FLSA and the NYLL.

112.    Defendant was or should have been aware that the FLSA and the NYLL required it to pay its Junior Managers premium overtime pay for all hours worked over 40 per week.

113.    Defendant did not perform a time study or analysis on Plaintiffs' job duties and hours worked.

114.    Defendant neither interviewed Plaintiffs nor retained a third-party or agent to interview Plaintiffs about their job duties and hours worked, for purposes of determining whether Plaintiffs were properly denied overtime.

115.    Plaintiffs are unaware of Defendant engaging in any studies or analysis of their duties and the duties of their fellow Junior Managers.

116.    Upon information and belief, Defendant never obtained an opinion from an attorney, expert, or government agency as to whether Plaintiffs and Junior Managers were properly exempted from overtime pay.

117.    Upon information and belief, a reasonable employer inquiring into this issue would have determined that Junior Managers are not exempt from the FLSA and NYLL overtime requirements.

118.    That is because, *inter alia*, Junior Managers are mid-level managers whose duties do not meet the requirements to be exempt from overtime under the "executive" exemptions of the FLSA and NYLL.

119.    Junior Managers could not hire Costco employees.

14

120.    Junior Managers could not fire Costco employees.

121.    Plaintiffs never hired any Costco employees.

122.    Plaintiffs never fired any Costco employees.

123.    Junior Managers were subordinates of the heads of their applicable department. These department heads are referred to as Senior Managers.

124.    Senior Managers include the Merchandizing Manager, the Receiving Manager, Frontend Manager, and Administrative Manager.

125.    Junior Managers followed the direction of and reported to Senior Managers.

126.    Junior Managers also followed the direction of and report to Assistant General Managers.

127.    Junior Managers, like the Assistant General Managers and Senior Managers, followed the direction of and report to the General Manager of their store.

128.    Junior Manager spend the majority of their time on customer service and merchandising tasks.

129.    Management-type duties, such as scheduling or writing up employees, make up a small percentage of the Junior Managers' working time and are done at the discretion of the Senior Managers and other superiors.

<u>**FIRST CAUSE OF ACTION**</u>
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

130.    Plaintiffs incorporates by reference all preceding allegations.

131.    Plaintiffs, along with the Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

132.    Defendant employed Plaintiffs and members of the Collective for workweeks longer than 40 hours and willfully did not compensate Plaintiffs for all the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a) (1).

133.    Plaintiffs expressed their consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A (Consents).

134.    Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation to Plaintiffs and the FLSA Collective.

135.    Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

136.    As a consequence of the underpayment of wages, alleged above, Plaintiffs and the Collective have incurred damages thereby and Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime
### (Brought on behalf of the Plaintiffs and the Class)

137.    Plaintiffs incorporate by reference all preceding allegations.

138.    At all times relevant, Plaintiffs and the Class were employees and Defendant was their employer within the meaning of the NYLL.

139.    Defendant failed to pay Plaintiffs and the Class at a rate of less than one and one-half time their regular rate for all hours worked.

140.    By the course of conduct set forth above, Defendant violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

141. Defendants' failure to pay all overtime compensation due to Plaintiffs and the Class was willful or otherwise lacked sufficient good faith within the meaning of NYLL § 663.

142. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the Class incurred damages thereby and Defendant is indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

143. Plaintiffs further seek the recovery liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiffs and the Class)**

144. Plaintiffs incorporate by reference all preceding allegations.

145. Defendant did not supply Plaintiffs and the Class with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

146. Due to Defendant's violations of NYLL § 195, for each workweek that Defendant did not provide a proper wage statement, Plaintiffs and members of the Class are each entitled to damages of $250 per workday, or a total of $5,000 per class member, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek for the following relief:

A.      Leave to give notice to the FLSA Collectives that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Certification of this case as a Class Action under Rule 23;

C.      Appointment of Plaintiffs as Class Representatives;

D.      Appointment of Kessler Matura P.C. as Class Counsel;

E.      Unpaid overtime wages under the FLSA and NYLL;

F.      Liquidated damages;

G.      Statutory damages;

H.      Attorney's fees and costs of the action;

I.      Pre-judgment interest and post-judgment interest as provided by law;

J.      A declaratory judgment that the practices complained of are unlawful; and

K.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
       October 23, 2023                          Respectfully submitted,

                                                 **KESSLER MATURA P.C.**

                                        By:  /s/ Troy L. Kessler
                                             Troy L. Kessler
                                             Tana Forrester
                                             Garrett Kaske
                                             534 Broadhollow Road, Suite 275
                                             Melville, New York 11747
                                             Telephone: (631) 499-9100
                                             tkessler@kesslermatura.com
                                             tforrester@kesslermatura.com
                                             gkaske@kesslermatura.com

                                             *Attorneys for Plaintiffs and the Putative*
                                             *FLSA Collective and Putative Class*

18

# **<u>Exhibit A</u>**

## CONSENT TO BECOME A PARTY-PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against Costco Wholesale Corporation, and any related entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and any applicable state law, to secure any relief that may be awarded, including liquidated damages, attorneys' fees, costs, and other relief arising out of my employment with Costco Wholesale Corporation.

2. During the past three years, there were occasions when I worked more than 40 hours in a week for Costco Wholesale Corporation and I did not receive proper overtime compensation for all those hours.

3. I designate Kessler Matura P.C., to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against Costco Wholesale Corporation or any related entities potentially liable.

Date: 10 / 17 / 2023 _____

_____
Signature

Kai Lock
_____
Print Name

## CONSENT TO BECOME A PARTY-PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against Costco Wholesale Corporation, and any related entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and any applicable state law, to secure any relief that may be awarded, including liquidated damages, attorneys' fees, costs, and other relief arising out of my employment with Costco Wholesale Corporation.

2. During the past three years, there were occasions when I worked more than 40 hours in a week for Costco Wholesale Corporation and I did not receive proper overtime compensation for all those hours.

3. I designate Kessler Matura P.C., to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against Costco Wholesale Corporation or any related entities potentially liable.

Date: 10 / 17 / 2023

_____
Signature

Kyle Straker

_____
Print Name