UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
KAI LOCK, KYLE STRAKER, MICHAEL NICKICH, and on behalf of themselves and all others similarly situated,

        Plaintiffs,

  -against-

COSTCO WHOLESALE CORPORATION,

        Defendant.
-------------------------------------------------------

Civil Action No. 2:23-cv-07904-NJC-ST

**Served on May 7, 2024**

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS

Dated: May 7, 2024

*Of Counsel*:

Robert S. Whitman
Kyle D. Winnick
Victoria M. Vitarelli

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant Costco Wholesale Corporation*

## I. INTRODUCTION

Costco's opening brief established that Plaintiffs' Third Cause of Action should be dismissed because they failed to plausibly plead Article III standing. Specifically, among other reasons, their alleged injury is tied solely to bringing the present action and their alleged injuries stemmed from their exempt classification, not wage statements.

In response, Plaintiffs' principal contention is that they adequately pled standing because the alleged inaccuracies in their wage statements "hamstrung" and "hindered" them from vindicating their rights sooner. But such threadbare assertions do not raise a reasonable inference of injury. Moreover, Plaintiffs' wage statements accurately disclosed the manner in which they were paid, listing their pay rate, basis of pay, and gross pay, and expressly stating that they were "exempt." Nothing, therefore, prevented them from challenging their exempt classification sooner. This dispute thus falls squarely within the line of cases holding that there is no standing when the wage statements at issue "would alert" employees that they were "not being paid correctly." *See, e.g.*, *Chen v. Lilis 200 W. 57th Corp.*, 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023) (dismissing wage statement claim on this ground).

Accordingly, Plaintiffs' Third Cause of Action should be dismissed for lack of standing.

## II. ARGUMENT

### A. Under Governing Law, Plaintiffs Were Required To Allege Downstream Consequences to Establish Standing

Plaintiffs first appear to contend that they need to allege only a technical violation of Section 195(3) of the New York Labor Law ("NYLL") to have standing. (Opp. Br. at 3-4.) This contention, as explained in Costco's opening brief, does not comport with Supreme Court, Second Circuit, or District Court precedent. (*See* Costco Br. at 3–5.)

1

Plaintiffs seeking to recover statutory damages must plausibly allege (and ultimately prove) more than a "bare procedural violation, divorced from any concrete harm." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). They must demonstrate that they suffered some injury that is sufficiently concrete "[to] satisfy the injury-in-fact requirement of Article III," as well as the other elements of standing. *Id*.

In *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the plaintiffs sought damages due to mailings from the defendant that omitted a statutorily-required notice of rights under the Fair Credit Reporting Act. *Id*. at 420-21. The Supreme Court held that this alleged failure was insufficient on its own to establish an "informational injury" under *Federal Election Comm'n v. Akins*, 524 U.S. 11 (1998), and *Public Citizen v. Dep't of Justice*, 491 U.S. 440 (1989)—two cases relied upon here by Plaintiffs (Opp. Br. at 10)—because those cases involved "public-disclosure or sunshine laws that entitle all members of the public to certain information." *TransUnion*, 594 U.S. at 441.[1] "Moreover," the Court reasoned, the plaintiffs lacked standing because they "ha[d] identified no 'downstream consequences' from failing to receive the required information. . . . An asserted informational injury that causes no adverse effects cannot satisfy Article III." *Id*. at 442 (quotations omitted).

The Second Circuit then applied *TransUnion* and held that a plaintiff asserting an informational injury "must also allege 'downstream consequences'"—"beyond bringing [his or her] lawsuit"—in order to establish standing. *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) (citing *TransUnion*, 141 S. Ct. at 2210-11). In other words, there must be a separate

---

[1] Both *Akins* and *Public Citizen* involved compelling information from government agencies or quasi-agencies that could not otherwise be obtained except through court action or voluntary dissemination. These cases are in stark contrast to this case, where Plaintiffs' wage statements were not the *only* means to learn they were exempt employees, and the statements *did* inform them of their exempt status.

2

and distinct injury from the lack of information. *Id*.; *see also Spokeo, Inc.*, 578 U.S. at 342 (observing that "not all inaccuracies cause harm or present any material risk of harm").

From far applying a "heightened" standard (Opp. Br. at 8–9), Costco's line of cases faithfully applied binding law. *See* Costco Br. at 3–5; *Saavedra v. Dom Music Box, Inc.*, 2024 WL 208303, at *5 (E.D.N.Y, Jan. 19, 2024) ("Without some tangible downstream harm flowing form those statutory violations, Plaintiff has not shown that he suffered a concrete injury resulting from Defendants' violations of the NYLL's wage statement and wage notice requirements."); *Zabrodin v. Silk 222, Inc.*, 2023 WL 8009319, at *5 (E.D.N.Y. Nov. 20, 2023) ("Multiple courts in this district have reached similar results after the Supreme Court's decision in *TransUnion* clarified the rules regarding standing, beyond bare allegations of statutory violations.").

In contrast, the cases relied upon by Plaintiffs fail to mention *Harty* and/or *TransUnion*, let alone apply their holdings. Plaintiffs even rely upon *Imbarrato v. Banta Mgmt. Servs., Inc.*, 2020 WL 1330744 (S.D.N.Y. Mar. 20, 2020), and cases citing to it. But in light of *TransUnion* and *Harty*, Judge Nelson S. Roman departed from his opinion in *Imbarrato* and held that even when plaintiffs alleged that a deficient wage statement delayed their "ability to enforce their legal rights," this was insufficient to allege an injury-in-fact because "these harms do not show an interest in using the information 'beyond bringing [a] lawsuit.'" *Jackson v. ProAmpac LLC*, 2023 WL 6215324, at *4 (S.D.N.Y. Sept. 25, 2023) (quoting *Harty*, 28 F.4th at 444).

Accordingly, in order to plead an informational injury, Plaintiffs were required to plausibly plead (1) a statutory injury (2) that resulted in a downstream consequence beyond bringing this lawsuit. As established in Costco's opening brief, Plaintiffs have failed to do so.

**B.      Plaintiffs Failed To Allege Downstream Consequences Beyond Bringing This Lawsuit**

Plaintiffs fail to plausibly allege a downstream consequence for three independent reasons.

3

*First*, the alleged injury stemming from their wage statements is inseparable from their overtime compensation claim. Indeed, even accepting *arguendo* Plaintiffs' contention that they were delayed in vindicating their rights, and assuming they prevail on their overtime claims, Plaintiffs will be entitled to prejudgment interest, which is designed to compensate plaintiffs for the time value of money. *See* NYLL § 663(1); *Kassis v. Teachers' Ins. and Annuity Ass'n*, 13 A.D.3d 165, 165 (1st Dep't 2004) ("The purpose of prejudgment interest is to compensate parties for the loss of the use of money they were entitled to receive, taking into account the 'time value' of money."). This further shows that Plaintiffs' wage statement claims are part and parcel of their overtime claims, not a separate and distinct injury. *See Jackson*, 2023 WL 6215324, at *4; *Esquivel v. Lima Rest. Corp.*, 2023 WL 6338666, at *11 (E.D.N.Y. Sept. 29, 2023).

*Second*, Plaintiffs do not plausibly allege that their wage statements "hindered" their "ability to challenge the unlawful wage payment at the time of payment." (Compl. ¶ 110.) This is a conclusion, and conclusory allegations in a complaint are entitled to no weight when assessing its legal sufficiency. *See Cui v. D Prime, Inc.*, 2023 WL 8283717, at *1 (E.D.N.Y. Nov. 30, 2023) ("Plaintiffs' vague allegations that Defendants' violations facilitated their other unlawful conduct do not give rise to a cognizable downstream consequence."); *Chen v. Lilis 200 W. 57th Corp.*, 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023) (same); *see also Calcano v. Swarovski N.A. Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022) ("Plaintiffs' threadbare assertions are conclusory and do not raise a reasonable inference of injury."); *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003) ("[A] plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing.").

Utterly missing from the Complaint is any indication as to *why* or *how* Plaintiffs' wage statements precluded them from challenging their compensation. Plaintiffs do not even allege that

4

they *reviewed* their wage statements. Tellingly, despite being afforded an opportunity to amend their complaint (ECF No. 15), Plaintiffs did not, indicating that there are no non-conclusory facts for them to allege. Indeed, had Plaintiffs actually reviewed their wage statements, they would have seen that they were classified as overtime exempt, as indicated by the line item "salary exempt":

| Current Payments | Rate | Hours | Amount | YTD Hours | YTD Amount |
|---|---|---|---|---|---|
| Salary Exempt | $34.13 | 80.00 | $2,730.77 | 192.00 | $6,553.85 |

(Ex. A to Decl. of J. Nancarrow.)[2]

*Third*, it is entirely implausible that Plaintiffs' wage statements somehow "hindered" their ability to challenge their classification status when the statements explicitly informed Plaintiffs *of their classification status*. *See, e.g.*, *Chen*, 2023 WL 2388728, at *8 (no standing when wage statements at issue "would alert Plaintiff that he was not being paid correctly")*; Neor v. Acacia Network, Inc.*, 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (same).

Plaintiffs failed to address this third argument and line of cases, despite Costco raising it in its opening brief. (*See* Costco Br. at 8–9.) Plaintiffs have thus conceded this point. *See Canas v. Whitaker*, 2019 WL 2287789, at *6 (W.D.N.Y. May 29, 2019) ("It is well settled in this Circuit

---

[2] The Court may consider this wage statement on a motion to dismiss, both because it is incorporated by reference in the Complaint and because the motion is based on lack of subject matter jurisdiction. *See Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 467 n.4 (E.D.N.Y. 2015) ("The Court may accordingly consider the wage statements attached to defendants' motion to dismiss . . ."); *Cornell v. Credit Suisse Grp.*, 666 F. Supp. 2d 381, 386 (S.D.N.Y. 2009) (courts can consider evidence on motion for lack of subject matter jurisdiction).

In addition, this document is appropriately submitted with Costco's reply memorandum because it responds to the core contention in Plaintiffs' opposition memorandum that their wage statements "hamstrung" and "hindered" them from pursuing their rights. *See Yorke v. TSE Grp. LLC*, 2019 WL 3219384, at *2 (S.D.N.Y. July 17, 2019) ("To the extent that the new evidence submitted in reply . . . respond directly to Yorke's argument, it is entirely appropriate to consider them."); *see also Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722, 724 (2d Cir. 2009) ("A district court enjoys broad discretion to . . . rely on evidence submitted with the reply papers[.]").

that [a] plaintiff effectively concedes a defendant's arguments by his failure to respond to them"). On this basis alone, Costco's Motion should be granted.

In contrast, the cases Plaintiffs do cite found standing because they involved allegations that the wage statements "*prevent*[*ed*] a non-exempt employee from knowing the compensation that he has earned[.]" *See, e.g.*, *Metcalf v. TransPerfect Translations Int'l, Inc.*, 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022) (emphasis added). In *Lipstein v. 20X Hosp. LLC*, 2023 WL 6124048 (S.D.N.Y. Sept. 19, 2023), for example, the plaintiff alleged, among other things, that he was owed spread-of-hours compensation. *Id.* at *3.[3] The wage statement at issue in *Lipstein* reported only wages paid, *see id.* (ECF No. 1-1), so the plaintiff could not ascertain if he was owed a spread-of-hours payment merely by looking at the wage statement.

That is not the case here, where Plaintiffs *could* ascertain their exempt status from merely looking at their wage statements. Accordingly, aside from cases like *Lipstein* not comporting with *TransUnion* and *Harty* (indeed, *Lipstein* fails to mention *Harty*), they are factually inapposite.[4]

## C. Plaintiffs Failed to Plausibly Allege a Causal Connection Between Their Wage Statements and Denial of Overtime

Even if Plaintiffs' conclusory allegations plausibly establish an injury-in-fact, the alleged injury is still "not 'fairy traceable' to the alleged Section 195(3) violation[.]" *Gao v. Savour Sichuan, Inc.*, 2024 WL 664718, at *25 (E.D.N.Y. Feb. 16, 2024).

---

[3] New York law requires certain employees to be paid "one hour's pay at the basic minimum hourly wage" if they work a "spread of hours" exceeding 10 hours in a workday. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. The hours that such employees work are therefore critical to their cause of action.

[4] Plaintiffs also cite *Lipstein* for the proposition that they adequately alleged a causal connection between their wage statements and injury. But *Lipstein* addressed the *injury* requirement of standing, not causation.

The traceability requirement for Article III standing means that the plaintiff must "demonstrate a causal nexus between the defendant's conduct and the injury." *Heldman v. Sobol*, 962 F.2d 148, 156 (2d Cir. 1992). The injury that Plaintiffs allegedly suffered was being denied overtime compensation; that is "fairly traceable" to Costco's decision to classify them as exempt, not the wage statements they received. *See Saavedra*, 2024 WL 208303, at *5 ("The injury that plaintiff suffered (i.e., defendants' failure to properly pay him) is not an injury he sustained because of a lack of the required documents; it is an injury sustained because his employer violated its obligation to pay minimum wage, overtime, and spread-of-hours pay under other, express requirements of federal and state law" (quoting *Quieju v. La Jugueria Inc.*, 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023))); *Jackson*, 2023 WL 6215324, at *4 (same); *Findlay's Tall Timbers Distrib. Ctr.*, 2023 WL 4457911, at *13 (W.D.N.Y. July 11, 2023) (same).

Moreover, as explained in Costco's opening brief, Plaintiffs' allegations are entirely speculative and rely upon a "hypothetical chain of events"—that if Costco had listed overtime hours worked, they would have reviewed their wage statements, determined that they should have been paid overtime, challenged this perceived underpayment, and ultimately convinced management to classify them as non-exempt. This is insufficient to establish standing. *See Saavedra*, 2024 WL 208303, at *5; *Quieju*, 2023 WL 3073518, at *2.

In response, Plaintiffs merely contend "that Costco's failure to provide accurate information hamstrung" them—without providing any indication as to *how* or *why* they were "hamstrung." (Opp. Br. at 7–8.) Plaintiffs do not assert any plausible fact that they would have acted differently had their wage statements included overtime hours. *See Shi v. TL & CG Inc.*, 2022 WL 2669156, at *9 (S.D.N.Y. July 11, 2022) (no standing to assert claims under NYLL § 195 because "Plaintiff has not demonstrated how or why the amount of his wage underpayment is

7

greater than it would have been if he had been given a proper wage notice or proper wage statements").

Plaintiffs contend that cases like *Saavedra*, *Quieju*, *Jackson*, and *Findlay's* applied a "heightened standard," because they purportedly overlooked that a legislature may "trace the link between statutory requirement and a concrete harm[.]" (Opp. Br. at 6, 8-9.) But "*TransUnion* clarified . . . that the type of harm that a statute protects against is of little (or no) import" when assessing standing. *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 n.2 (2d Cir. 2021); *see also Lopez v. Martha's Cocina Mexicana, LLC*, 2023 WL 9603828, at *12 (E.D.N.Y. Dec. 27, 2023) ("the Court concludes that, after *TransUnion*, when evaluating claims of informational injury, the Court should not substitute its understanding of possible harms sought to be addressed by a statute for facts alleged in the pleadings.").

Plaintiffs then contend that cases such as *Saavedra*, *Quieju*, *Jackson*, and *Findlay's* were wrongly decided because they required "but-for" causation. (Opp. Br. at 8-9.) There is no indication that these cases applied a "but-for" standard; rather, they held that under well-settled principles, speculative and conclusory allegations are insufficient to plausibly plead standing. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146 (2d Cir. 2011) (disregarding conclusory allegations on a motion to dismiss for lack of standing); *Doe v. Quest Diagnostics, Inc.*, 2017 WL 1102663, at *3 (S.D.N.Y. March 23, 2017) (traceability not shown where plaintiff included only "conclusory allegation" that defendant "'breached its duty' … and thereby 'proximately caused' the [injury]") (citation omitted); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 415 (2013) (speculation insufficient to "satisfy the requirement that any injury in fact must be fairly traceable to" alleged statutory violation).

Finally, Plaintiffs contend that a finding that they do not have standing would mean that "no employee would ever have standing to sue under [Section 195(3)]." (Opp. Br. at 11.) This is not true. Plaintiffs "may recover the statutory penalty in state court." *Maddox*, 19 F.4th at 66; *see also id.* at 66 n.4 ("state courts are not bound to adhere to federal standing requirements"). They may also file an administrative complaint with the New York State Department of Labor. *See* NYLL § 198(1-d). What they cannot do is rely on implausible and speculative allegations to establish the irreducible constitutional minimum of standing in federal court.

## CONCLUSION

For all the foregoing reasons, and the reasons argued in Costco's opening memorandum, Plaintiffs do not have standing to pursue their Third Cause of Action. Accordingly, this Court should dismiss that cause of action without prejudice.

DATED: March 7, 2024

Respectfully Submitted,

SEYFARTH SHAW LLP

By: */s/ Robert S. Whitman*
Robert S. Whitman
rwhitman@seyfarth.com
Kyle D. Winnick
kwinnick@seyfarth.com
Victoria M. Vitarelli
vvitarelli@seyfarth.com
620 Eighth Ave.
New York, NY 10018
Tel: (212) 218-5629

*Attorneys for Defendant Costco Wholesale Corporation*