

April 5, 2024

**Via ECF**
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    **Re:**    *Lock v. Costco Wholesale Corp.*,
                Case No. 23 Civ. 7904 (NJC) (ST)

Dear Judge Tiscione:

      Plaintiffs write to seek an order: (1) conditionally certifying the collective action; (2) requiring Defendant ("Costco") to furnish the contact information for all salaried Junior Managers employed in New York since October 23, 2020; and (3) requiring Costco to post and Plaintiffs to circulate a Notice of Pendency ("Notice") and Consent to Join form ("Consent") (Ex. A-1). The Parties held a telephone conference about this motion on February 2, 2024, after which Plaintiff shared the proposed notice packet (Ex. A). Thereafter, Defendant confirmed that they would not consent to the motion or notice packet. We, therefore, submit it pursuant to Your Honor's Individual Rules to decide "in the first instance." *Bijoux v. Amerigroup N.Y., LLC*, No. 14 Civ. 3891, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015).

    **I.**    **Conditional Certification is Warranted**

      Costco fails to pay its Junior Managers ("JMs") overtime wages, violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL"). *See* ECF No. 1 (Compl.) ¶¶ 1-4, 18-22, 36-42, 52-56, 94-103. JMs consistently work over 40 hours a week, as they are scheduled to work 45 hours a week, don't take uninterrupted meal breaks, and work beyond their paper schedules. *See* Ex. B (Lock Decl.) ¶¶ 26-33, 39-40; Ex. C (Straker Decl.) ¶¶ 27-31, 38, 41; Ex. D (Nickich Decl.) ¶¶ 29-34; Ex. E (Smith Decl.). ¶¶ 62-63, 68, 71, 74, 76. They are scheduled at least 45 hours per week and rarely take an uninterrupted meal break. Ex. B (Exs. D-2, E-1 (Schedules); Ex. D-1(Job Analysis) at 1 ("This is a full-time management/leadership position (45+ hours per week)."). These work hours are consistent among JMs. *See* Ex. B (Lock Decl.) ¶¶ 40-44; Ex. C (Straker Decl.) ¶¶ 38-41; Ex. D (Nickich Decl.) ¶ 41; Ex. E (Smith Decl.). ¶¶ 80-83; Ex. D-1 (Job Analysis) at 1; Exs. D-2, E-1 (Schedules).

      Costco uniformly classifies JMs as overtime exempt. JMs are paid a salary and do not receive overtime pay. Ex. B (Lock Decl.) ¶¶ 35-36, 41; Ex. C (Straker Decl.) ¶¶ 34-35, 39-40; Ex. D (Nickich Decl.) ¶¶ 37-38, 42-43; Ex. E (Smith Decl.). ¶¶ 71, 79, 82-84; Ex. F (Paystubs); *see also* Ex. E-2 (Employee Agr. Pgs.) at 64-68 (JM positions are not listed on the list of hourly non-exempt job classifications). JMs, however, perform a significant amount of non-exempt work. Ex. B (Lock Decl.) ¶¶ 15-24; Ex. C (Straker Decl.) ¶¶ 16-19; Ex. D (Nickich Decl.) ¶¶ 14-25; Ex. E (Smith Decl.). ¶¶ 25-28, 43-46, 51-52; Ex. E-3 (Postings); Ex. D-1 (Job Analysis) (noting that Assistant Receiving Managers spend about 60% of their time performing general receiving duties; noting the frequency of physical labor performed by this position). Moreover, they cannot hire or

fire and have minimal management authority. *See* Ex. B (Lock Decl.) ¶¶ 18-21, 23-24; Ex. C (Straker Decl.) ¶¶ 19-26; Ex. D (Nickich Decl.) ¶¶ 20-28; Ex. E (Smith Decl.). ¶¶ 28-40, 47-49, 52-61.

To serve the FLSA's "broad remedial purpose," courts conditionally certify collective actions, allowing potentially "similarly situated" employees to receive early notice of the case. *Pineda v. Jim-Mar Consultants, Inc.*, 741 F. Supp. 2d 398, 402 (E.D.N.Y. 2010). Certification is a two-step process. *Serrano v. C.R. Landscaping & Tree Serv. Corp.*, No. 20 Civ. 4372, 2022 WL 2467694, at *3 (E.D.N.Y. Jan. 20, 2022) (Tiscione, Mag.). In the first step, courts look to the pleadings and declarations to decide if the employees are similarly situated. *Id.* Plaintiffs need only make a "modest factual showing" that they and the putative class "were victims of a common policy or plan that violated the law." *Id.* (cleaned up). In doing so, courts do not resolve factual disputes, determine credibility issues, or decide the merits of the case. *Id.* at *6.

Currently, the Court only needs to engage in step one. The burden is minimal at this stage. *See id.* at *3; *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 99 (E.D.N.Y. 2014). Plaintiffs need only allege sufficient facts to render the challenged wage-payment scheme non-conclusory. *Serrano* 2022 WL 2467694, at *3. This standard may be met where the movant proffers evidence that the company denied them proper overtime or minimum wages and observed that others were subjected to the same policy. *Walston v. Edward J. Young, Inc.*, No. 15 Civ. 457, 2016 WL 3906522, at *5 (E.D.N.Y. Feb. 22, 2016) (collecting cases).

Notice is commonly issued to employees working in New York State where the movant "demonstrate[s] the possibility of FLSA violations occurring at Defendant's New York State retail store locations." *Gathmann-Landini v. Lululemon USA Inc*., No. 15 Civ. 6867, 2018 WL 3848922, at *9 (E.D.N.Y. Aug. 13, 2018) ("Although Plaintiff has not submitted affidavits detailing every retail store location in the state of New York, [certification is appropriate because] she has demonstrated that all Assistant Managers and Key Leaders have similar job duties, are subjected to the same de facto policies . . . ."); *see, e.g.*, *Klein v. Weatherproofing Techs., Inc.*, No. 15 Civ. 4443, 2016 WL 11002292, at *4 (E.D.N.Y. Mar. 22, 2016) (Bianco, J.) (the requisite "evidence in the record of a policy" across New York included, *inter alia*, four declarations, which "identified nine other[]" employees); *see also Meo v. Lane Bryant, Inc.*, No. 18 Civ. 6360, 2019 WL 5157024, at *8, *10 (E.D.N.Y. Sept. 30, 2019) (certifying collective in 12 states based on job postings and declarations from nine retail managers). Variations among the workers' job functions is not a bar to conditional certification where they are unified under a similar pay structure. *Manfredo v. VIP Auto Grp. of Long Island, Inc*., No. 20 Civ. 3728, 2021 WL 4958907, at *4 (E.D.N.Y. Oct. 26, 2021) (collecting cases; certifying collective of salespersons based on sole plaintiff's declaration).

As described above, Plaintiffs' submissions show that JMs were uniformly required to work over 40 hours a week without overtime pay, despite performing a significant amount of non-exempt work. *See*, *e.g.*, Ex. B (Lock Decl.) ¶¶ 15-24; Ex. C (Straker Decl.) ¶¶ 16-19; Ex. D (Nickich Decl.) ¶¶ 14-25; Ex. E (Smith Decl.). ¶¶ 25-28, 43-46, 51-52. Plaintiffs' declarations include their observations of other JMs working over 40 hours and performing the same duties, and details of conversations with Junior Managers. *See* Ex. B (Lock Decl.) ¶¶ 37-44; Ex. C

(Straker Decl.) ¶¶ 36-41; Ex. D (Nickich Decl.) ¶¶ 39-44; Ex. E (Smith Decl.) ¶¶ 72-84; *see also Serrano*, 2022 WL 2467694, at *5 (considering personal observations and conversations recounted by the declarant); *Williams v. TSU Glob. Servs. Inc.*, No. 18 Civ. 72, 2018 WL 6075668, at *6 (E.D.N.Y. Nov. 20, 2018) (Tiscione, Mag.), *adopted*, 2019 WL 1056273 (E.D.N.Y. Mar. 1, 2019) (same). Moreover, Plaintiffs' showing includes documentary evidence that suggests that this issue extended beyond Plaintiffs' stores, including job postings showing JMs are classified as overtime exempt elsewhere, the nation-wide Employee Agreement employee handbook, and a company-issued job-duty summary. *See* Exs. D-1, E-2, E-3. Thus, conditional certification of all JMS is warranted. *See, e.g.*, *Puglisi*, 998 F. Supp. 2d at 100-101 (nationwide certification of assistant bank managers granted based declarations and job descriptions ); *c.f. Jenkins v. TJX Cos.*, 853 F. Supp. 2d 317, 321 (E.D.N.Y. 2012) (denying certification because plaintiff failed to provide any "affidavits, depositions, or even hearsay evidence [to show] that he was actually aware of other ASMs who also primarily performed non-exempt duties").

### II.    Plaintiffs' Proposed Notice Plan Should be Approved.

The Notice and Consent distribution plan should approve Plaintiff's notice and distribution plan. *See* Ex. A (Distribution Summary). Plaintiff seeks to issue notice to all JMs, which is three years before the Complaint was filed. *See Jin v. Park Ave. Stem Cell, Inc.*, No. 18 Civ. 1007, 2019 WL 5327999, at *5 n. 5 (E.D.N.Y. Aug. 29, 2019), *adopted*, 2019 WL 5309962 (E.D.N.Y. Oct. 21, 2019). To facilitate notice, Costco should produce a computer-readable list containing each JM's (1) name, (2) addresses, (3) phone number, (4) email, and (5) dates of employment. *Serrano*, 2022 WL 2467694, at *11.

The Court should allow distribution of the Notice and Consent by (a) mail, (b) email, and (c) posting. *See Serrano*, 2022 WL 2467694, at *10 (approving notice by mail, email, text, social media chat, and a reminder notice); *see* Ex. A-2 (Proposed Email Notice). And, the Court should permit a reminder notice (Ex. A-3) to issue halfway through the notice period to help ensure that the collective receives timely notice of their rights. *See id.* at *12. The content of the Notice and Consent (Ex. A-1) should be approved, as it mirrors the Honorable Magistrate Judge Shields' model form. *See* Ex. L (Form Notice); *see also Lin v. DJ's Int'l Buffet Inc.*, No. 17 Civ. 4994, 2019 WL 5842798, at *6 (E.D.N.Y. Nov. 7, 2019) (providing the parties with a "pre-approved form of notice," which "reflects the . . . majority view in this District[] as to issues of notice that are continually subject to litigation").

*   *   *   *

Thank you for the Court's attention to this matter.

Respectfully submitted,

*/s/ Troy L. Kessler*
Troy L. Kessler

encs. (Exs. A-F)
cc:  All Counsel (via ECF)