

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York 10018

**T** (212) 218-5500

**F** (212) 218-5526

rwhitman@seyfarth.com

T (212) 218-5629

www.seyfarth.com

April 26, 2024

**VIA ECF**

Hon. Steven L. Tiscione
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: <u>Lock et al. v. Costco Wholesale Corp.,</u> No. 2:23-cv-07904-NJC-ST

Dear Judge Tiscione:

On behalf of Defendant Costco in the above-referenced action, this submission responds to Plaintiffs' Letter Motion to Certify FLSA Collective Action (ECF No. 24). The Motion, which seeks certification of a proposed collective of Junior Managers at Costco warehouses throughout New York State, should be denied because Plaintiffs have failed to show "that there are other employees who are similarly situated" to them "with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

**I.   The Court should decline to apply the two-phase certification process.**

In deciding this Motion, this Court should adopt the approach taken by the Fifth Circuit in *Swales v. KLLM Transp. Serv., LLC*, 985 F.3d 430 (5th Cir. 2021), or by the Sixth Circuit in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023), because they are more consistent with the FLSA's text and the purpose of court-ordered notice, as articulated in *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 70 (1989), than the two-phase approach that Plaintiffs advocate in the Motion.[1]

**II.   Plaintiffs have not justified a state-wide collective of Junior Managers.**

Even if the Court follows the two-step approach, Plaintiffs cannot meet their burden for conditional certification simply by testifying that they were "required to perform non-exempt tasks." *Jenkins v. TJX Companies, Inc.*, 853 F. Supp. 2d 317, 324 (E.D.N.Y. 2012) (citation omitted). Rather, they must demonstrate that the *putative collective members* "'were required to perform nonmanagerial job duties in contravention of [their] formal job description.'" *Id.* (citation omitted).

---

[1] "[T]he Second Circuit … has not formally adopted a specific test for conditional certification." *Davella v. Ellis Hosp., Inc.*, 2024 WL 98352, at *5 (S.D.N.Y. Jan. 9, 2024). Rather, the court has assumed, without deciding, that a district court may utilize the two-step approach. *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016); *Myers*, 624 F.3d at 554.


Plaintiffs rely on four nearly identical declarations from individuals who, during the applicable limitations period, collectively worked at only two Costco warehouses (out of 19 statewide) and in only five Junior Manager titles (out of 14 distinct titles). (Ex. 1 ¶¶ 6, 52, 54; Ex. 3 ¶¶ 6, 8; Ex. 4 ¶ 3.) Their approach is to recite their own duties, add a conclusory statement that "other Junior Managers performed similar duties to those that I performed," and name a handful of individuals. This threadbare approach is insufficient to meet even a lenient burden, let alone a more rigorous burden. *See, e.g.*, *Lopez v. St. Luke's Roosevelt Hosp. Ctr.*, 2024 WL 836480, at *6 (S.D.N.Y. Feb. 28, 2024); *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, 2020 WL 13680575, at *2 (E.D.N.Y. Aug. 19, 2020); *Brown v. Barnes and Noble, Inc.*, 252 F. Supp. 3d 255, 262 (S.D.N.Y. 2017).

Plaintiffs' declarations contain no indication of what they observed about others' daily work activities or any discussion of when and how these observations occurred. They offer no facts demonstrating that their own day-to-day activities are representative of the larger statewide proposed collective. In contrast, the only non-conclusory evidence before the Court establishes that Junior Managers work in different warehouses, report to different General Managers, manage different departments, have different numbers of supervisees, and perform fundamentally different duties. (*See* Exs. 1-9.) For example: Some Junior Managers supervise 50 subordinates; others supervise only four. (Ex. 7 ¶ 7; Ex. 8. ¶ 5.) Some Junior Managers are responsible for P&L statements; others are not. (Ex. 1 ¶ 26; Ex. 6 ¶ 8.) Some Junior Managers are responsible for payroll; others are not. (*Id.*) Some Junior Managers interview, schedule, delegate, and evaluate employees much more often than others. (Ex. 1 ¶¶ 59, 62; Ex. 3 ¶ 16; Ex. 8 ¶ 6.)

Similarly, Junior Managers at high-volume warehouses have more subordinates than at smaller warehouses. (Ex. 1 ¶ 58; Ex. 2 ¶¶ 11, 13, 17, 33; Ex. 3 ¶ 5.) They also delegate tasks that are typically performed by Junior Managers at lower-volume warehouses. (Ex. 3 ¶¶ 13-14.) Junior Managers' involvement in personnel actions, such as transfers and discipline, also varies depending on whether the warehouse is unionized or not. (*Id*. ¶¶ 60-61.)

And while Plaintiff Nickich contends that the job description for his position, Assistant Receiving Manager, is uniform across New York State (ECF No. 24-4 ¶ 39), that position is unique to the Westbury warehouse; the other 18 warehouses do not employ anyone in that position. (Ex. 4 ¶ 4.)

Further highlighting Plaintiffs' failure to meet their burden of establishing representative proof, they failed to submit *any* proof for a large number of Junior Manager positions in the warehouses where they worked:

*First*, Plaintiffs offer nothing to show that the Fresh Department Managers are similarly situated. If anything, they offered proof that they are *dissimilar*. Opt-in Plaintiff Smith characterizes the Deli, Meat, and Bakery Manager positions as "Senior Manager positions" (*i.e.*, roles of greater responsibility), conceding that they are *not* similar to the other Junior Manager titles. (ECF No. 24-5 ¶ 77.) *See also* Ex. 1 ¶¶ 25-27; Ex. 2 ¶¶ 35-39 (stating that Fresh Department managers have greater job responsibilities than the other Junior Managers).

*Second*, Plaintiffs do not even mention the Optical and Pharmacy positions. These positions are highly-specialized, requiring licenses that the other Junior Manager positions do not. (Ex. 1 ¶¶ 31-34; Ex. 7 ¶ 5.) The Pharmacy Manager's high salary also qualifies for the Highly-Compensated Employee ("HCE") Exemption, *see* 29 C.F.R. § 541.601, and both roles may separately qualify under the professional exemption, *see* 29 C.F.R. Part 541, Subpart D.



*Third*, while Plaintiffs Lock and Straker and opt-in Smith worked in Nesconset, NY, the only evidence with respect to Westbury is from Plaintiff Nickich, and his declaration merely identifies five individuals (two without last names) collectively covering only four Junior Manager titles. (ECF No. 24-4 ¶ 40.) He says nothing about any of the other *nine* Junior Manager titles.

*Finally*, Nesconset and Westbury are two of 19 warehouses in New York State. (Ex. 4 ¶ 3.) Plaintiffs have offered *no* evidence regarding *any* of the other 17. They do not name a single Junior Manager at one of those other warehouses, let alone the requisite level of detail to establish personal knowledge of their job duties. Aside from Plaintiff Straker, who worked at the Holbrook warehouse in a non-exempt capacity prior to the limitations period, they do not even aver that they have *been to* another warehouse. For these reasons alone, Plaintiffs' motion should be denied as to the seventeen undiscussed locations. *See Ahmed v. T.J. Maxx Corp.,* 103 F. Supp. 3d 343, 351-37 (E.D.N.Y. 2015); *Jenkins*, 853 F. Supp. 2d at 324; *Brown*, 252 F. Supp. 3d at 266; *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014); *Diaz v. Elecs. Boutique of Am., Inc.*, 2005 WL 2654270, at *4 (W.D.N.Y. Oct. 17, 2005).

### III. Plaintiffs' notice plan should be rejected.

If the Court nonetheless decides to approve notice to potential collective members, Plaintiffs' proposed notice plan should be rejected, in several respects:

- Plaintiffs' proposed notice does not fully apprise the recipients that they may be deposed, required to respond to discovery requests, or possibly pay costs should their claims be dismissed. *See Bah v. Shoe Mania, Inc.*, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009).

- The notice should not be disseminated via e-mail. *See Tanski v. Avalonbay Communities, Inc.*, 2017 WL 10858910, at *20 (E.D.N.Y. Mar. 31, 2017).

- The notice period should be limited to three years prior to the date of the order granting conditional certification. *See In re Penthouse Exec. Club Comp. Litig.*, 2010 WL 4340255, at *5 n.4 (S.D.N.Y Oct. 27, 2017).

- Plaintiffs' request to have consent forms returned to them, as opposed to the Clerk of Court, should be denied. *Sharma*, 52 F. Supp. 3d at 462.

- Plaintiffs' request to have a workplace posting of notice should be denied. *See Hintergerger v. Cath. Health Sys.*, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009).

- Plaintiffs' request for a "reminder" notice should be rejected. *See Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 358 (E.D.N.Y. 2012).

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Robert S. Whitman*

Robert S. Whitman


cc: All Counsel of Record (via ECF)