

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
T (212) 218-5500
F (212) 218-5526

rwhitman@seyfarth.com
T (212) 218-5629

www.seyfarth.com

September 6, 2024

**VIA ECF**

Hon. Nusrat J. Choudhury
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  Lock et al. v. Costco Wholesale Corp., No. 2:23-cv-07904-NJC-ST

Dear Judge Choudhury:

We are counsel to Costco Wholesale Corp. ("Costco") in the above-referenced action. Pursuant to Section 5.3.4 of the Court's Individual Rules, the parties jointly submit this letter as a Notice of Supplemental Authority to apprise the Court of Guthrie v. Rainbow Fencing Inc., No. 23-350 (2d Cir. Aug. 30, 2024) (copy attached hereto as Exhibit A), a recent decision by the Second Circuit relevant to Costco's Partial Motion to Dismiss (ECF No. 18) (the "Motion"), which is currently sub judice.  The parties state their respective positions on the significance of the Second Circuit's decision below.

Defendant's Position:

In the Motion, Costco seeks dismissal of Plaintiffs' Third Cause of Action, which asserts a claim for inaccurate wage statements in violation of New York's Wage Theft Prevention Act ("WTPA") for lack of standing.  Costco contends, among other things, that Plaintiffs' allegations of injury for that claim are too speculative to plausibly allege standing.  (ECF No. 18-1 at 5–7; ECF No. 20 at 4–6.)

In Guthrie, the Second Circuit affirmed the dismissal of claims under the WTPA because the plaintiff failed to plausibly plead an injury-in-fact sufficient to establish Article III standing.  In doing so, the court made various holdings relevant to the Motion.

First, the Second Circuit held that the legislative purpose of the WTPA, which was to empower employees to advocate for themselves by receiving certain information regarding their wages, was insufficient by itself to create standing under the Supreme Court's decision in TransUnion LLC v. Ramirez, 594 U.S. 413, 426 (2021).  See slip op. at 13.

Second, the court held that "unless the plaintiff-employee can show that he or she would have undertaken such advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided, the plaintiff-employee has not



established a concrete injury-in-fact sufficient to confer standing to seek statutory damages under § 195." *Id.* at 14 (emphasis added).

*Third*, the court held that, while plaintiffs may suffer a sufficient injury when "inaccurate or noncompliant notices prevented" them from "obtaining full payment of wages in a timely fashion," they "cannot 'assume[] [t]his conclusion without analysis' or rely on 'speculation and conjecture.'" *Id.* at 15 (quoting *Quieju v. La Jugueria Inc.*, No. 23-CV-264 (BMC), 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023)) (brackets in original). Rather, plaintiffs "must support a plausible theory as to *how* [they were] injured by [the] defendants' failure to provide the required documents.'" *Id.* (emphasis in original).

Applying these principles to the allegations in the *Guthrie* complaint, the Second Circuit held that the plaintiff failed to sufficiently allege an injury because he merely alleged generalized violations of the WTPA. "Without *plausible allegations* that he suffered a concrete injury because of [the defendant's] failure to provide the required notices and statements, Guthrie lacks standing to sue for that statutory violation." *Id.* at 19 (emphasis added). The court did not address the standard for plausibly pleading the traceability requirement for standing.

*Guthrie* bolsters Defendant's argument in the Motion that Plaintiffs did not *plausibly* allege how the absence of overtime hours on their wage statements injured them. In light of the new decision, Plaintiffs' allegations are especially implausible because their wage statements informed them of their exempt status (ECF No. 20) and they have admitted that they knew they were working over 40 hours a week without overtime (ECF No. 24-2 ¶¶ 26, 33, 41; ECF No. 24-3 ¶ 27, 31, 39; ECF No. 24-4 ¶ 27, 31, 42; *see generally* ECF No. 27).

<u>Plaintiffs' Position</u>:

*Guthrie* narrowed the arguments before the Court. To start, Plaintiffs' argument that the wage-statement violation itself is the harm required by Article III (ECF No. 19 (Pls. Opp. Br.) at 2-4) is no longer viable. *Guthrie*, slip op. at 13-14. Similarly, *Guthrie* dispatched with Defendant's argument that Plaintiffs must show an interest in using the information on their paystubs beyond bringing the lawsuit (ECF No. 18-1 (Def. Br.) at 3-5, 8) and have suffered a harm in addition to the unpaid overtime also alleged (*id.* at 3-5). *Guthrie*, slip op. at 15-16.

Thus, the issue remaining is whether Plaintiffs' Complaint alleges sufficient facts to plausibly demonstrate a concrete injury flowing from Defendant's failure to provide accurate wage statements. Plaintiffs continue to contend that the Complaint does just that. ECF No. 19 (Pls. Opp. Br.) at 4-8; ECF No. 28 (Pls. Resp. to Sur-Reply) at 2. Specifically, it alleges that the failure to report all hours worked on Plaintiffs' paystubs "facilitated [Defendant's] unlawful overtime policy" and "hindered [their] ability to challenge the unlawful wage payment at the time of the payment." *See* ECF No. 1 (Compl.) 107-110. These allegations satisfy the standards set forth in *Guthrie*. *Guthrie*, slip op. at *14, n. 4 (citing and summarizing comparable cases).



      The parties thank the Court for its attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Robert S. Whitman*

Robert S. Whitman

cc: All Counsel of Record (via ECF)