UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
KAI LOCK, KYLE STRAKER, MICHAEL  :
NICKICH, and on behalf of themselves and :
all others similarly situated, :
 :
               Plaintiffs, :
 :
  -against- :
 :
COSTCO WHOLESALE CORPORATION, :
 :
 :
              Defendant. :
 :
 :
------------------------------------------------------- X

Case No. 2:23-cv-07904 (SJB) (ST)

**STIPULATED PROPOSED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

      **WHEREAS**, Plaintiffs Kai Lock, Kyle Straker, Michael Nickich, and on behalf of themselves and all others similarly situated, ("Plaintiffs") and Defendant Costco Wholesale Corporation ("Costco" or "Defendant Costco") (together, the "Parties"), are parties in the above-captioned litigation (the "Action"); and

      **WHEREAS**, certain information and documents sought and disclosed in discovery contain or relate to information of a private, confidential, or proprietary nature ("Confidential Material"); and

      **WHEREAS**, the Parties and their counsel desire to facilitate the discovery of certain information, documents and things from each other and to reasonably limit disclosure of Confidential Material that may be exchanged and produced now and in the future during the Action; and

      **WHEREAS**, the Parties and their counsel desire to have this Court issue an order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of documents in the Action and to protect against waiver of any privileges attaching to those documents; and

**WHEREAS**, absent an order of the Court, under certain circumstances, production of privileged documents can operate as a waiver of any applicable privilege, protection, and/or immunity with respect to disclosure in the Action and other Federal or State proceedings; and

**WHEREAS**, Fed. R. Evid. 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding;" and

**WHEREAS**, this Court finds good cause to issue an order pursuant to Fed. R. Evid. 502(d); and

**WHEREAS**, the Parties and their counsel have reached agreement as to the terms of this Stipulated Confidentiality Agreement and Protective Order under Fed. R. Evid. 502(d) ("Order"); and

**WHEREAS**, the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order; and

**IT IS HEREBY STIPULATED AND ORDERED** that:

1. Pursuant to Fed. R. Evid. 502(d), the Parties' production of any documents in this proceeding shall not, for purposes of this proceeding or any other proceeding in any other court, constitute a waiver by either party of any privilege applicable to those documents, including the attorney-client privilege, attorney work product, or any other privilege or protection recognized by law.

2. Documents produced during discovery in the Action that contain any Confidential Material shall be plainly stamped, marked, or otherwise designated "Confidential" on the face of

the document. Testimony about or relating to any Confidential Material or the contents thereof shall be deemed confidential without further designation.

3. The party or person producing or disclosing discovery material may designate as "Confidential" materials that it reasonably and in good faith believes contains:

a. material of a proprietary nature, including without limitation trade secrets, policies, business practices and procedures, business know-how, guidelines, and information and documents regarding the structure or operations of Costco, its vendors, and/or contractors; and

b. material of a personal or intimate nature, such as medical records, personnel documents, performance reviews, disciplinary records, internal complaints and investigations, social security numbers, addresses, telephone numbers, and any other personal identifying information.

4. In the case of deposition or other testimony, court conferences, or discussions on the record between counsel and Judges, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or conference, or at the conclusion of each session of the deposition or conference, or in a writing provided by the designating party to the other party within thirty (30) days of the designating party's receipt of a copy of the transcript. The Parties agree, however, that until the thirty (30) day deadline for designating deposition testimony as Confidential Material has passed, the Parties agree to treat the deposition testimony in its entirety as Confidential Material. Counsel for the Parties may modify this procedure for any particular deposition or conference by agreement on the record at such deposition or conference, or in writing after the conclusion of the deposition or conference, without further Court Order.

5. Either party may object to the designation of any documents as Confidential Material and the Parties shall confer in good faith to attempt to resolve the objection. If the Parties are unable to resolve the objection, the dispute may be submitted to the Court. Notwithstanding the objection, such document(s) and the contents thereof shall be treated as Confidential Material pursuant to the terms of this Order until a contrary determination is made by written agreement of the Parties or by order of the Court.

6. As used in this Order, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, disseminate, or otherwise communicate information, whether pursuant to request, interrogatory, or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise, but shall not include testimony, argument, or use of documents at trial; however, any such testimony, argument or use of documents at trial shall be disclosed *only* in a manner consistent with the provisions of Paragraph 7.d below.

7. Confidential Material and the contents thereof may be copied and retained by the receiving party, and may be used by the party and the party's counsel solely for purposes of prosecuting or defending the Action (including appeals, if any). Confidential Material shall not be disclosed or made known by the Parties and/or their counsel to any other person, except *only* as follows:

    a. to the current or former directors, officers, and employees of Costco to the extent necessary for the performance of their respective duties in connection with the Action;

    b.    to any in-house or outside attorneys of the Parties, including necessary paralegal and other clerical personnel employed by counsel, for carrying out their respective duties in connection with the Action;

    c.    to experts, consultants, insurance or claims representatives, nonparty witnesses or other persons retained or consulted by counsel, provided that: (i) such disclosure is necessary in order to furnish such assistance; (ii) the counsel receiving such assistance provides a copy of this Order to the individual(s) providing such assistance; and (iii) the individual agrees in writing to be bound by the terms of this Order in the form attached as **Exhibit A**; and

    d.    to the Judges and employees of the United States District Court for the Eastern District of New York pursuant to the filing of a court paper or in connection with a hearing, trial, motion, or request for court intervention in the Action.

8.    The authorized disclosures provided for in Paragraph 7 above shall be solely for the use and purposes of this Action. Any person, party, or entity receiving any Confidential Material or the contents thereof shall not use or disclose said information, directly or indirectly, in any manner whatsoever, to any other person, party, or entity not specified in Paragraph 7 herein above. Confidential Material and the contents thereof shall not be used for any business, commercial, competitive, or personal reason.

9.    Disclosure of Confidential Material to the media or other party not specifically authorized in Paragraph 7, either by the direct or indirect actions of any party, is in strict violation of this Order. A party who is found to have directly or indirectly disclosed Confidential Material to the media or any party not authorized in Paragraph 7, will also bear the direct costs and reasonable attorneys' fees of any actions taken to enforce the terms of this Order,

*provided that*, the disclosing party is found by the Court to have violated the terms and conditions of this Order.

10. Nothing contained in this Order shall prevent any party from disclosing its own Confidential Material or information as it deems appropriate and such disclosure shall not waive the protections of this Order with respect to any other Confidential Material, whether or not such other document(s) is related to the voluntarily disclosed document or information.

11. The inadvertent production of any confidential, privileged, or attorney work-product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. In each such case, the designating person shall provide to all Parties, within ten (10) days of discovery of the inadvertent production, notice, either orally (followed by written notice within five (5) business days) or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph. Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents may not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party, or as otherwise directed by the Court in any ruling.

12. The existence of this Order shall be disclosed to any non-party producing documents or information in this Action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order.

13. Upon the final termination of this Action by judgment or by compromise and settlement, each and every copy of all documents produced as Confidential Material shall be

returned to the producing party or shall be destroyed—whichever method is directed by the producing party. If any such documents are not returned or destroyed as directed, they shall remain in possession of counsel for the party only, and those documents shall remain subject to this Order until such time as they are returned or destroyed. The provisions of this paragraph apply equally to Confidential Material and to any copies, portions, quotations, excerpts, fragments, and summaries thereof, as well as any documents containing information derived from such Confidential Material.

14. Counsel for the Parties may retain their work product and all briefs, pleadings or other filings with the Court which incorporate Confidential Material or disclose materials contained therein, but these materials shall remain subject to the terms and conditions of this Order.

15. Nothing in this Order shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Order shall not limit any party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.

16. The Parties may seek modification of this Order at any time and prior to trial, for among other things, to expedite trial preparation and the presentation of evidence at trial.

17. The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Order upon a showing of good cause. In the event that the Court concludes, upon motion of either party, that the designation of documents as "Confidential Material" is being abused, misused or used inappropriately by either party, the Court may review the use of the designation and allow disclosure or continue use of said designation, as the Court may decide within its sound discretion.

18. This Order may be signed on separate signature pages. These separate signature pages will become part of the integrated Order. Where convenient for the Parties to do so, the signed signature pages may be electronic or facsimile transmissions.

**STIPULATED AND AGREED:**

KESSLER MATURA P.C.

By /s/ Troy Kessler                             Date: June 17, 2025
Troy L. Kessler
tkessler@kesslermatura.com
Garrett Kaske
gkaske@kesslermatura.com
Tana Forrester
tforrester@kesslermatura.com
534 Broadhollow Road, Suite 275
Melville, NY 11747
(631) 499-9100

*Attorneys for Plaintiffs Kai Lock, Kyle Straker, Michael Nicknich*, and on behalf of themselves and all others similarly situated

SEYFARTH SHAW LLP

By /s/ Kyle Winnick                             Date: June ___, 2025
Robert S. Whitman                                        6/19/2025
Kyle D. Winnick
Victoria M. Vitarelli
rwhitman@seyfarth.com
kwinnick@seyfarth.com
vvitarelli@seyfarth.com
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant Costco Wholesale Corporation*

**SO ORDERED**:

_____                    _____
Date:                                                     Hon. Steven Tiscione
                                                          United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
KAI LOCK, KYLE STRAKER, MICHAEL NICKICH, and on behalf of themselves and all others similarly situated,

        Plaintiffs,

  -against-

COSTCO WHOLESALE CORPORATION,

        Defendants.

------------------------------------------------------- X

Case No. 2:23-cv-07904 (SJB) (ST)

**STIPULATED PROPOSED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

    I, _____ (insert name, business position and business address), being duly sworn, state that I reside at _____ in the City of _____, County of _____, State of _____, and am engaged as a _____ (insert description of position) on behalf of _____ in the preparation and conduct of the above-captioned action.

    I am fully familiar and agree to comply with and will be bound by the provisions of the Stipulated Confidentiality Agreement and Protective Order under Fed. R. Evid. 502(d), dated _____, 2025 ("Order"), and consent to the personal jurisdiction of the United States District Court for the Eastern District of New York located in Central Islip, New York for the enforcement thereof. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use, except solely for the purpose of this Action, any information obtained in the above-captioned matter subject to said Order.

                                                              _____
                                                              Name

Sworn to before me this
___ day of _____, 2025

_____
    Notary Public