UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

KAI LOCK, KYLE STRAKER, MICHAEL NICKICH, :
JOANNA MCCUMBER and LANCE LOHNES, :

                                     :    Case No. 23 Civ. 7904(SJB)(ST)

               Plaintiffs, :

                                   :

       -against-                     :    **AMENDED COMPLAINT**

                                   :

COSTCO WHOLESALE CORPORATION, :

             Defendant. :

                                   :

------------------------------------------------------------------------ X

Plaintiffs Kai Lock, Kyle Straker, Michael Nickich, Joanna McCumber and Lance Lohnes ("Plaintiffs"), by and through their attorneys Kessler Matura P.C., complaining of Defendant Costco Wholesale Corporation ("Defendant" or "Costco"), allege as follows for their Complaint:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this lawsuit to recover unpaid overtime wages and other damages, based on Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the New York Labor Law ("NYLL"), Article 19, and appropriate rules and regulations.

2. Costco failed to pay Plaintiffs for all hours worked, consistently paying them a salary each week despite the number of hours they actually worked.

3. While employed by Costco as Junior Managers, Plaintiffs consistently worked over 40 hours per week without receiving premium overtime pay for all the hours they worked. This was done according to Costco policy to classify Junior Managers as overtime-exempt employees.

## JURISDICTION & VENUE

4. Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

5.      This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because events giving rise to this action occurred in Suffolk and Nassau Counties.

6.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a).

## THE PARTIES

*Plaintiff Kai Lock*

7.      Lock is a resident of Suffolk County, New York.

8.      Lock has been employed by Defendant in various positions since September 2018.

9.      Lock is also known by Defendant as Kelsey Lock, which is the name reflected on his paystubs.

10.     Lock works at Defendant's Nesconset location at 3000 Middle Country Road, Nesconset, New York 11767

11.     From about June 2021 through January 2022, Defendant employed Lock as a salaried Junior Manager.

12.     While employed as a Junior Manager, Defendant scheduled Lock to work five nine-hour shifts per week.

13.     While employed as a Junior Manager, Defendant also required Lock, at times, to work a sixth shift per week.

14.     While employed as a Junior Manager, Lock was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

15.     Lock regularly had to work later than his scheduled shift.

16.     As a result, Lock regularly worked over 40 hours a week.

17.     For example, during the two workweeks between December 6, 2021, and December 19, 2021, Lock worked over 40 hours in each workweek.

18.     At all times while employed as a salaried Junior Manager, Lock was paid a weekly salary.  Lock was never paid any additional wages for working over 40 hours a week.

19.     For example, during the two workweeks between December 6, 2021, and December 19, 2021, Lock was paid his biweekly salary of $2,730.77.

20.     According to the paystub provided to Lock, his salary was to pay him for 80 hours of work at $34.13 an hour.

21.     Defendant failed to record Lock's actual hours work and report the actual number of hours worked per week on his paystub.

22.     For example, during the two workweeks between December 6, 2021, and December 19, 2021, Defendant reported that Lock's "Current Hours Worked" was 80.

23.     While employed as a Junior Manager, Lock was entitled to receive overtime pay for all hours worked over 40.

24.     While employed as a Junior Manager, Lock was an "employee" as defined by 29 U.S.C. § 203(e)(1).

25.     While employed as a Junior Manager, Lock was an "employee" as defined by NYLL §§ 190(2), 651(5).

***Plaintiff Kyle Straker***

26.     Straker is a resident of Suffolk County, New York.

27.     Straker was employed by Defendant in various positions from 2014 through 2022.

28.     Straker worked at Defendant's Holbrook store at 125 Beacon Drive, Holbrook, New York 11741, and at Defendant's Nesconset store at 3000 Middle Country Road, Nesconset, New York 11767.

29.    Defendant employed Straker as a salaried Junior Manager throughout 2020 through 2022.

30.    While employed as a Junior Manager, Defendant scheduled Straker to work five nine-hour shifts per week.

31.    While employed as a Junior Manager, Defendant also required, at times, Straker to work a sixth shift per week.

32.    While employed as a Junior Manager, Straker was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

33.    Straker regularly had to work later than his scheduled shift.

34.    As a result, Straker regularly worked over 40 hours a week.

35.    At all times while employed as a salaried Junior Manager, Straker was paid a weekly salary.  Straker was never paid any additional wages for working over 40 hours a week.

36.    According to the paystub provided to Straker by Defendant, his salary was to pay him for 80 hours of work.

37.    Defendant failed to record Straker's actual hours work and report the actual number of hours worked per week on his paystub.

38.    For example, during the two workweeks between November 7, 2021, through November 21, 2021, Straker was paid his biweekly salary of $2,827.20.

39.    According to the paystub provided to Straker, his salary was to pay him for 80 hours of work at $33.34 an hour.

40.    Defendant failed to record Straker's actual hours worked and report the actual number of hours worked per week on his paystub.

4

41.    For example, during the two workweeks between November 7, 2021, through November 21, 2021, Defendant reported that Straker's "Current Hours Worked" was 80.

42.    Regardless of the number of hours Straker worked, Defendant reported that Straker's "Current Hours Worked" was 80 on his paystubs.

43.    While employed as a Junior Manager, Straker was entitled to receive overtime pay for all hours worked over 40.

44.    While employed as a Junior Manager, Straker was an "employee" as defined by 29 U.S.C. § 203(e)(1).

45.    While employed as a Junior Manager, Straker was an "employee" as defined by NYLL § 651(5).

***Plaintiff Michael Nickich***

46.    Nickich is a resident of Nassau County, New York.

47.    Nickich was employed by Defendant in various positions since about June 2017.

48.    Nickich worked at Defendant's Westbury store at 1250 Old Country Road, Westbury, New York 11590.

49.    From about December 2020 through June 2022, Defendant employed Nickich as a salaried Junior Manager.

50.    While employed as a Junior Manager, Defendant scheduled Nickich to work five nine-hour shifts per week.

51.    While employed as a Junior Manager, Defendant also required, at times, Nickich to work a sixth shift per week.

52.    While employed as a Junior Manager, Nickich was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

5

53.    Nickich regularly had to work later than his scheduled shift.

54.    As a result, Nickich regularly worked over 40 hours a week.

55.    For example, during the two workweeks between May 24, 2021, through June 6, 2021, Nickich worked over 40 hours in each workweek.

56.    At all times while employed as a salaried Junior Manager, Nickich was paid a weekly salary.  Nickich was never paid any additional wages for working over 40 hours a week.

57.    For example, during the two workweeks between May 24, 2021, through June 6, 2021, Nickich was paid his biweekly salary of $2,788.45.

58.    According to the paystub provided to Nickich, his salary was to pay him for 80 hours of work at $34.85 an hour.

59.    Defendant failed to record Nickich's actual hours worked and report the actual number of hours worked per week on his paystub.

60.    For example, during the two workweeks between May 24, 2021, through June 6, 2021, Defendant reported that Nickich's "Current Hours Worked" was 80.

61.    While employed as a Junior Manager, Nickich was entitled to receive overtime pay for all hours worked over 40.

62.    While employed as a Junior Manager, Nickich was an "employee" as defined by 29 U.S.C. § 203(e)(1).

63.    While employed as a Junior Manager, Nickich was an "employee" as defined by NYLL § 651(5).

**Plaintiff JoAnna McCumber**

64.    McCumber is a resident of Nassau County, New York.

6

65.     McCumber has been employed by Defendant in various positions since approximately 2004.

66.     McCumber worked at Defendant's Nesconset store at 3000 Middle Country Rd, Nesconset, NY 11767.

67.     During her tenure as a Junior Manager for Costco, from approximately July 2020 until August 2024, McCumber typically worked five to six shifts per week, typically from 4:00 am until 1:00 pm, aside from Mondays when she typically worked from 4:00 am until between 2:00 pm and 3:00 pm because of mandatory team meetings.

68.     While employed as a Junior Manager, Defendant scheduled McCumber to work five or six nine-hour shifts per week.

69.     While employed as a Junior Manager, McCumber was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

70.     McCumber regularly had to work later than her scheduled shift.

71.     As a result, McCumber regularly worked over 40 hours a week.

72.     For example, during the two workweeks between June 19, 2023, through July 2, 2023, McCumber worked over 40 hours in each workweek.

73.     At all times while employed as a salaried Junior Manager, McCumber was paid a weekly salary.  McCumber was never paid any additional wages for working over 40 hours a week.

74.     For example, during the two workweeks between June 19, 2023, through July 2, 2023, McCumber was paid her biweekly salary of $3,156.80.

75.     According to the paystub provided to McCumber, her salary was to pay her for 80 hours of work at $39.46 an hour.

76.    Defendant failed to record McCumber's actual hours work and report the actual number of hours worked per week on her paystub.

77.    For example, during the two workweeks between June 19, 2023 and July 3, 2023, Defendant reported that McCumber's "Current Hours Worked" was 80.

78.    While employed as a Junior Manager, McCumber was entitled to receive overtime pay for all hours worked over 40.

79.    While employed as a Junior Manager, McCumber was an "employee" as defined by 29 U.S.C. § 203(e)(1).

80.    While employed as a Junior Manager, McCumber was an "employee" as defined by NYLL § 651(5).

***Plaintiff Lance Lohnes***

81.    Lohnes is a resident of North Brunswick County, North Carolina.

82.    Lohnes has been employed by Defendant in various positions since February 19, 1992.

83.    Lohnes worked as a Junior Manager at Defendant's Nesconset store at 3000 Middle Country Rd, Nesconset, NY 11767.

84.    Defendant employed Lohnes as a salaried Junior Manager from June 2014 until November 2022 and from July 2023 until October 2023.

85.    For the entire period Plaintiff worked as a Junior Manager, Plaintiff worked between five or six shifts per week.  Defendant typically scheduled Lohnes from 2:00 pm until 11:00 pm, but he often worked from 2:00 pm until approximately 1:00 or 2:00 a.m.

86.    While employed as a Junior Manager, Lohnes was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

8

87.    Lohnes regularly had to work later than his scheduled shift.

88.    As a result, Lohnes regularly worked over 40 hours a week.

89.    For example, during the two workweeks between July 31, 2023 and August 13, 2023, Lohnes worked over 40 hours in each workweek.

90.    At all times while employed as a salaried Junior Manager, Lohnes was paid a weekly salary.  Lohnes was never paid any additional wages for working over 40 hours a week.

91.    For example, during the two workweeks between July 31, 2023 and August 13, 2023, Lohnes was paid his biweekly salary of $3,115.

92.    According to the paystub provided to Lohnes, his salary was to pay him for 80 hours of work at $38.94 an hour.

93.    Defendant failed to record Lohnes's actual hours work and report the actual number of hours worked per week on his paystub.

94.    For example, during the two workweeks between July 31, 2023 and August 13, 2023, Defendant reported that Lohnes's "Current Hours Worked" was 80.

95.    While employed as a Junior Manager, Lohnes was entitled to receive overtime pay for all hours worked over 40.

96.    While employed as a Junior Manager, Lohnes was an "employee" as defined by 29 U.S.C. § 203(e)(1).

97.    While employed as a Junior Manager, Lohnes was an "employee" as defined by NYLL § 651(5).

*Defendant Costco Wholesale Corporation*

98.    At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll and other employment practices that applied to them.

9

99.     Defendant applied the same employment policies, practices, and procedures to all Plaintiffs while they were employed as Junior Managers, including policies, practices, and procedures with respect to classification and payment of overtime compensation.

100.    Defendant is a foreign corporation, authorized to do business pursuant to the laws of the State of New York.

101.    Defendant's headquarters are located at 900 Lake Drive, Issaquash, WA 98027.

102.    Defendant employed employees, including Plaintiffs.

103.    Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

104.    Defendant is an "employer" within the meaning of NYLL § 651(6).

105.    At all relevant times, the activities of Defendant constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

106.    Defendant maintains control, oversight, and direction over its operations and employment practices.

107.    At all times hereinafter mentioned, Defendant employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

108.    At all times hereinafter mentioned, Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## COMMON FACTUAL ALLEGATIONS

109.    Plaintiffs contend that they are due overtime premiums under the FLSA and NYLL while they were employed as Junior Managers because Defendant misclassified Plaintiffs as exempt from the FLSA and the NYLL and required Plaintiffs to work over 40 per workweek.

110.    Regardless of the location at which Plaintiffs worked for Defendant as Junior Managers, Defendant's policies and practices remained substantially the same.

*Costco Misclassification and Unpaid Overtime Wages*

111.    Defendant Costco misclassified Plaintiffs, while employed as Junior Managers, as exempt from overtime.

112.    Plaintiffs were paid a fixed salary regardless of hours they worked in one workweek.

113.    Plaintiffs were paid their fixed salaries for 40 hours of work each week.

114.    Defendant, however, required Plaintiffs to work in excess of 40 hours per week.

115.    Plaintiffs were scheduled to work at least five nine-hour shifts a week.

116.    Plaintiffs regularly worked beyond their scheduled end time.

117.    Defendant was aware or should have been aware of all the work that Plaintiffs performed as Junior Managers.

118.    Plaintiffs did not take uninterrupted meal breaks each shift.

119.    Plaintiffs were unable to take uninterrupted meal breaks as Junior Managers because, *inter alia*, they were interrupted while on break by other employees contacting them on their company-issued walkie-talkie.

120.    Defendant did not pay Plaintiffs time and one half for all hours worked over 40 in a workweek in violation of the FLSA and the NYLL.

11

*Defendant's Actions Were Willful and Done Without Reasonable Good Faith*

121.    At all times relevant, Defendant's policies and practices were willful.  As part of its business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, or policy that did not comport with the FLSA and the NYLL.

122.    Defendant was or should have been aware that the FLSA and the NYLL required it to pay Plaintiffs premium overtime pay for all hours worked over 40 per week.

123.    Defendant did not perform a time study or analysis on Plaintiffs' job duties and hours worked.

124.    Defendant neither interviewed Plaintiffs nor retained a third-party or agent to interview Plaintiffs about their job duties and hours worked, for purposes of determining whether Plaintiffs were properly denied overtime.

125.    Plaintiffs are unaware of Defendant engaging in any studies or analysis of their duties.

126.    Upon information and belief, Defendant never obtained an opinion from an attorney, expert, or government agency as to whether Plaintiffs were properly exempted from overtime pay.

127.    Upon information and belief, a reasonable employer inquiring into this issue would have determined that Plaintiffs, while employed as Junior Managers, were not exempt from the FLSA and NYLL overtime requirements.

128.    That is because, *inter alia*, as Junior Managers, Plaintiffs were mid-level managers whose duties do not meet the requirements to be exempt from overtime under the "executive" exemptions of the FLSA and NYLL.

129.    Junior Managers could not hire Costco employees.

130. Junior Managers could not fire Costco employees.

131. Plaintiffs never hired any Costco employees.

132. Plaintiffs never fired any Costco employees.

133. Plaintiffs, as Junior Managers, were subordinates of the heads of their applicable department.  These department heads are referred to as Senior Managers.

134. Senior Managers include the Merchandizing Manager, the Receiving Manager, Frontend Manager, and Administrative Manager.

135. Plaintiffs followed the direction of and reported to Senior Managers.

136. Plaintiffs also followed the direction of and report to Assistant General Managers.

137. Plaintiffs, like the Assistant General Managers and Senior Managers, followed the direction of and report to the General Manager of their store.

138. Plaintiffs spent the majority of their time on customer service and merchandising tasks.

139. Management-type duties, such as scheduling or writing up employees, made up a small percentage of Plaintiffs' working time as Junior Mangers.  This management-type work was done at the discretion of the Senior Managers and other superiors.

**<u>FIRST CAUSE OF ACTION</u>**
**FLSA – Overtime Wages**

140. Plaintiffs incorporate by reference all preceding allegations.

141. Plaintiffs are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

142. Defendant employed Plaintiffs for workweeks longer than 40 hours and willfully did not compensate Plaintiffs for all the time worked in excess of 40 hours per week, at a rate of

13

at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a) (1).

143.    Plaintiffs expressed their consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A (Consents).

144.    Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation to Plaintiffs.

145.    Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

146.    As a consequence of the underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime

147.    Plaintiffs incorporate by reference all preceding allegations.

148.    At all times relevant, Plaintiffs were employees and Defendant was their employer within the meaning of the NYLL.

149.    Defendant failed to pay Plaintiffs at a rate of less than one and one-half time their regular rate for all hours worked.

150.    By the course of conduct set forth above, Defendant violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

151.    Defendants' failure to pay all overtime compensation due to Plaintiffs was willful or otherwise lacked sufficient good faith within the meaning of NYLL § 663.

152.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs

14

incurred damages thereby and Defendant is indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

153.    Plaintiffs further seek the recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief:

A.    Unpaid overtime wages under the FLSA and NYLL;

B.    Liquidated damages;

C.    Statutory damages;

D.    Attorney's fees and costs of the action;

E.    Pre-judgment interest and post-judgment interest as provided by law;

F.    A declaratory judgment that the practices complained of are unlawful; and

G.    Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
   June 1, 2026          Respectfully submitted,

                **KESSLER MATURA P.C.**

By:    Troy L. Kessler
Tana Forrester
Garrett Kaske
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
tforrester@kesslermatura.com
gkaske@kesslermatura.com

*Attorneys for Plaintiffs*

15