UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

KAI LOCK, KYLE STRAKER, MICHAEL NICKICH, JOANNA MCCUMBER and LANCE LOHNES,,

                Plaintiffs,

     -against-

COSTCO WHOLESALE CORPORATION,

                Defendant.

-------------------------------------------------------- X

No. 2:23-cv-07904-SJB-ST

**ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant COSTCO WHOLESALE CORPORATION ("Costco" or "Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby submits its Answer and Defenses to Plaintiffs' Kai Lock, Kyle Straker, Michael Nickich, Joanna McCumber and Lance Lohnes (collectively "Plaintiffs") Amended Complaint (the "Amended Complaint") (ECF No. 51) dated June 1, 2026, as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

Plaintiffs bring this lawsuit to recover unpaid overtime wages and other damages, based on Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), Article 19, and appropriate rules and regulations.

**ANSWER:**

Paragraph 1 of the Amended Complaint contains a summary of the Amended Complaint, to which no response is required. To the extent a response is deemed required, Costco admits that Plaintiffs bring a lawsuit to recover unpaid overtime wages and other damages under the FLSA and NYLL, but Costco denies any violation of the law and denies that Plaintiffs are entitled to any relief requested in the Amended Complaint or any other relief.

**COMPLAINT ¶2:**

Costco failed to pay Plaintiffs for all hours worked, consistently paying them a salary each week despite the number of hours they actually worked.

**ANSWER:**

Costco denies all allegations in Paragraph 2 of the Amended Complaint.

**COMPLAINT ¶3:**

While employed by Costco as Junior Managers, Plaintiffs consistently worked over 40 hours per week without receiving premium overtime pay for all the hours they worked. This was done according to Costco policy to classify Junior Managers as overtime-exempt employees.

**ANSWER:**

Costco denies all allegations in Paragraph 3 of the Amended Complaint.

## JURISDICTION & VENUE

**COMPLAINT ¶4:**

Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

**ANSWER:**

Costco admits that Plaintiffs contend that jurisdiction is based upon 28 U.S.C. §§ 1331 and

29 U.S.C. § 216(b) and admits that this Court has jurisdiction.

**COMPLAINT ¶5:**

This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because events giving rise to this action occurred in Suffolk and Nassua [*sic*] Counties.

**ANSWER:**

Costco admits that venue is proper in this District.

**COMPLAINT ¶6:**

This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**

Costco admits the allegations in Paragraph 6 of the Amended Complaint but avers, that the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims.

**THE PARTIES**

*Plaintiff Kai Lock*

**COMPLAINT ¶7:**

Lock is a resident of Suffolk County, New York.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Amended Complaint.

**COMPLAINT ¶8:**

Lock has been employed by Defendant in various positions since September 2018.

**ANSWER:**

Costco admits the allegations in Paragraph 8 of the Amended Complaint.

**COMPLAINT ¶9:**

Lock is also known by Defendant as Kelsey Lock, which is the name reflected on his paystubs.

**ANSWER:**

Costco admits the allegations in Paragraph 9 of the Amended Complaint.

**COMPLAINT ¶10:**

Lock works at Defendant's Nesconset location at 3000 Middle Country Road, Nesconset, New York 11767.

**ANSWER:**

Costco denies the allegations in Paragraph 10 of the Amended Complaint, except Costco admits that Lock works at Costco's Nesconset warehouse located at 3000 Middle Country Road, Nesconset, New York 11767.

**COMPLAINT ¶11:**

From about June 2021 through January 2022, Defendant employed Lock as a salaried Junior Manager.

**ANSWER:**

Costco denies all allegations in Paragraph 11 of the Amended Complaint.

**COMPLAINT ¶12:**

While employed as a Junior Manager, Defendant scheduled Lock to work five nine-hour shifts per week.

**ANSWER:**

Costco denies all allegations in Paragraph 12 of the Amended Complaint.

**COMPLAINT ¶13:**

While employed as a Junior Manager, Defendant also required Lock, at times, to work a sixth shift per week.

**ANSWER:**

Costco denies all allegations in Paragraph 13 of the Amended Complaint.

**COMPLAINT ¶14:**

While employed as a Junior Manager, Lock was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

**ANSWER:**

Costco denies all allegations in Paragraph 14 of the Amended Complaint.

**COMPLAINT ¶15:**

Lock regularly had to work later than his scheduled shift.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny Paragraph 15 of the

Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶16:**

As a result, Lock regularly worked over 40 hours a week.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny Paragraph 16 of the

Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶17:**

For example, during the two workweeks between December 6, 2021, and December 19, 2021, Plaintiff worked over 40 hours in each workweek.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 17 of the Amended Complaint.

**COMPLAINT ¶18:**

At all times while employed as a salaried Junior Manager, Lock was paid a weekly salary. Lock was never paid any additional wages for working over 40 hours a week.

**ANSWER:**

Costco denies the allegations in Paragraph 18 of the Amended Complaint, except avers that

during periods of his employment with Costco, Lock received a weekly salary and was classified

as exempt from overtime.

**COMPLAINT ¶19:**

For example, during the two workweeks between December 6, 2021, and December 19, 2021, Lock was paid his biweekly salary of $2,730.77.

**ANSWER:**

Costco admits the allegations in Paragraph 19 of the Amended Complaint.

5

**COMPLAINT ¶20:**

According to the paystub provided to Lock, his salary was to pay him for 80 hours of work at $34.13 an hour.

**ANSWER:**

Costco denies all allegations in Paragraph 20 of the Amended Complaint.

**COMPLAINT ¶21:**

Defendant failed to record Lock's actual hours work and report the actual number of hours worked per week on his paystub.

**ANSWER:**

The allegations in Paragraph 21 of the Amended Complaint concern a dismissed claim

(ECF No. 31) to which no response is required.

**COMPLAINT ¶22:**

For example, during the two workweeks between December 6, 2021, and December 19, 2021, Defendant reported that Lock's "Current Hours Worked" was 80.

**ANSWER:**

The allegations in Paragraph 22 of the Amended Complaint concern a dismissed claim

(ECF No. 31) to which no response is required.

**COMPLAINT ¶23:**

While employed as a Junior Manager, Lock was entitled to receive overtime pay for all hours worked over 40.

**ANSWER:**

Costco denies all allegations in Paragraph 23 of the Amended Complaint.

**COMPLAINT ¶24:**

While employed as a Junior Manager, Lock was an "employee" as defined by 29 U.S.C. § 203(e)(1).

**ANSWER:**

Costco denies the allegations in Paragraph 24 of the Amended Complaint, except admits

that Lock was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

**COMPLAINT ¶25:**

While employed as a Junior Manager, Lock was an "employee" as defined by NYLL §§ 190(2), 651(5).

**ANSWER:**

Costco denies the allegations in Paragraph 25 of the Amended Complaint, except admits

that Lock was an "employee" within the meaning of NYLL §§ 190(2), 651(5).

*Plaintiff Kyle Straker*

**COMPLAINT ¶26:**

Straker is a resident of Suffolk County, New York.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 26 of the Amended Complaint.

**COMPLAINT ¶27:**

Straker was employed by Defendant in various positions from 2014 through 2022.

**ANSWER:**

Costco admits the allegations in Paragraph 27 of the Amended Complaint.

**COMPLAINT ¶28:**

Straker worked at Defendant's Holbrook store at 125 Beacon Drive, Holbrook, New York 11741, and at Defendant's Nesconset store at 3000 Middle Country Road, Nesconset, New York 11767.

**ANSWER:**

Costco denies the allegations in Paragraph 28 of the Amended Complaint, except Costco

admits that Straker worked at Costco's Holbrook warehouse at 125 Beacon Drive, Holbrook, New

York 11741, and at Defendant's Nesconset warehouse at 3000 Middle Country Road, Nesconset, New York 11767.

**COMPLAINT ¶29:**

Defendant employed Straker as a salaried Junior Manager throughout 2020 through 2022.

**ANSWER:**

Costco denies all allegations in Paragraph 29 of the Amended Complaint.

**COMPLAINT ¶30:**

While employed as a Junior Manager, Defendant scheduled Straker to work five nine-hour shifts per week.

**ANSWER:**

Costco denies all allegations in Paragraph 30 of the Amended Complaint.

**COMPLAINT ¶31:**

While employed as a Junior Manager, Defendant also required, at times, Straker to work a sixth shift per week.

**ANSWER:**

Costco denies all allegations in Paragraph 31 of the Amended Complaint.

**COMPLAINT ¶32:**

While employed as a Junior Manager, Straker was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

**ANSWER:**

Costco denies all allegations in Paragraph 32 of the Amended Complaint.

**COMPLAINT ¶33:**

Straker regularly had to work later than his scheduled shift.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny Paragraph 33 of the Amended Complaint because the meaning of the word "regularly" is not clear.

8

**COMPLAINT ¶34:**

As a result, Straker regularly worked over 40 hours a week.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny Paragraph 34 of the

Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶35:**

At all times while employed as a salaried Junior Manager, Straker was paid a weekly salary. Straker was never paid any additional wages for working over 40 hours a week.

**ANSWER:**

Costco denies the allegations in Paragraph 35 of the Amended Complaint, except avers that

during periods of his employment with Costco, Straker received a weekly salary and was classified

as exempt from overtime.

**COMPLAINT ¶36:**

According to the paystub provided to Straker by Defendant, his salary was to pay him for 80 hours of work.

**ANSWER:**

Costco denies all allegations in Paragraph 36 of the Amended Complaint.

**COMPLAINT ¶37:**

Defendant failed to record Straker's actual hours work and report the actual number of hours worked per week on his paystub.

**ANSWER:**

The allegations in Paragraph 37 of the Amended Complaint concern a dismissed claim

(ECF No. 31) to which no response is required.

**COMPLAINT ¶38:**

For example, during the two workweeks between November 7, 2021, through November 21, 2021, Straker was paid his biweekly salary of $2,827.20.

**ANSWER:**

Costco denies all allegations in Paragraph 38 of the Amended Complaint.

**COMPLAINT ¶39:**

According to the paystub provided to Straker, his salary was to pay him for 80 hours of work at $33.34 an hour.

**ANSWER:**

Costco denies all allegations in Paragraph 39 of the Amended Complaint.

**COMPLAINT ¶40:**

Defendant failed to record Straker's actual hours worked and report the actual number of hours worked per week on his paystub.

**ANSWER:**

Costco denies all allegations in Paragraph 40 of the Amended Complaint.

**COMPLAINT ¶41:**

For example, during the two workweeks between November 7, 2021, through November 21, 2021, Defendant reported that Straker's "Current Hours Worked" was 80.

**ANSWER:**

Costco denies all allegations in Paragraph 41 of the Amended Complaint.

**COMPLAINT ¶42:**

Regardless of the number of hours Straker worked, Defendant reported that Straker's "Current Hours Worked" was 80 on his paystubs.

**ANSWER:**

The allegations in Paragraph 42 of the Amended Complaint concern a dismissed claim

(ECF No. 31) to which no response is required.

**COMPLAINT ¶43:**

While employed as a Junior Manager, Straker was entitled to receive overtime pay for all hours worked over 40.

**ANSWER:**

Costco denies all allegations in Paragraph 43 of the Amended Complaint.

**COMPLAINT ¶44:**

While employed as a Junior Manager, Straker was an "employee" as defined by 29 U.S.C. § 203(e)(1).

**ANSWER:**

Costco denies the allegations in Paragraph 44 of the Amended Complaint, except admits

that Straker was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

**COMPLAINT ¶45:**

While employed as a Junior Manager, Straker was an "employee" as defined by NYLL §§ 190(2), 651(5).

**ANSWER:**

Costco denies the allegations in Paragraph 45 of the Amended Complaint, except admits

that Straker was an "employee" within the meaning of NYLL §§ 190(2), 651(5).

*Plaintiff Michael Nickich*

**COMPLAINT ¶46:**

Nickich is a resident of Nassau County, New York.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 46 of the Amended Complaint.

**COMPLAINT ¶47:**

Nickich was employed by Defendant in various positions since about June 2017.

**ANSWER:**

Costco denies all allegations in Paragraph 47 of the Amended Complaint, except admits

that it used to employ Nickich.

11

**COMPLAINT ¶48:**

Nickich worked at Defendant's Westbury store at 1250 Old Country Road, Westbury, New York 11590.

**ANSWER:**

Costco denies all allegations in Paragraph 48 of the Amended Complaint, except admits that Nickich used to work at Costco's Westbury warehouse at 1250 Old Country Road, Westbury, New York 11590.

**COMPLAINT ¶49:**

From about December 2020 through about June 2022, Defendant employed Nickich as a salaried Junior Manager.

**ANSWER:**

Costco denies all allegations in Paragraph 49 of the Amended Complaint, except avers that from in or around December 2020 through on or around September 1, 2024, Costco employed Nickich as a salaried Assistant Receiving Manager.

**COMPLAINT ¶50:**

While employed as a Junior Manager, Defendant scheduled Nickich to work five nine-hour shifts per week.

**ANSWER:**

Costco denies all allegations in Paragraph 50 of the Amended Complaint.

**COMPLAINT ¶51:**

While employed as a Junior Manager, Defendant also required, at times, Nickich to work a sixth shift per week.

**ANSWER:**

Costco denies all allegations in Paragraph 51 of the Amended Complaint.

**COMPLAINT ¶52:**

While employed as a Junior Manager, Nickich was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

**ANSWER:**

Costco denies all allegations in Paragraph 52 of the Amended Complaint.

**COMPLAINT ¶53:**

Nickich regularly had to work later than his scheduled shift.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny Paragraph 53 of the

Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶54:**

As a result, Nickich regularly worked over 40 hours a week.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny Paragraph 54 of the

Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶55:**

For example, during the two workweeks between May 24, 2021, through June 6, 2021, Nickich worked over 40 hours in each workweek.

**ANSWER:**

Upon information and belief, Costco denies all allegations in Paragraph 55 of the Amended

Complaint.

**COMPLAINT ¶56:**

At all times while employed as a salaried Junior Manager, Nickich was paid a weekly salary. Nickich was never paid any additional wages for working over 40 hours a week.

**ANSWER:**

Costco denies the allegations in Paragraph 56 of the Amended Complaint, except admits

that during periods of his employment with Costco, Nickich received a weekly salary and was

classified as exempt from overtime.

13

**COMPLAINT ¶57:**

For example, during the two workweeks between May 24, 2021, through June 6, 2021, Nickich was paid his biweekly salary of $2,788.45.

**ANSWER:**

Costco denies all allegations in Paragraph 57 of the Amended Complaint, except admits

that during this time period, Nickich was paid a biweekly salary.

**COMPLAINT ¶58:**

According to the paystub provided to Nickich, his salary was to pay him for 80 hours of work at $34.85 an hour.

**ANSWER:**

Costco denies all allegations in Paragraph 58 of the Amended Complaint.

**COMPLAINT ¶59:**

Defendant failed to record Nickich's actual hours worked and report the actual number of hours worked per week on his paystub.

**ANSWER:**

The allegations in Paragraph 59 of the Amended Complaint concern a dismissed claim

(ECF No. 31) to which no response is required.

**COMPLAINT ¶60:**

For example, during the two workweeks between May 24, 2021, through June 6, 2021, Defendant reported that Nickich's "Current Hours Worked" was 80.

**ANSWER:**

The allegations in Paragraph 60 of the Amended Complaint concern a dismissed claim

(ECF No. 31) to which no response is required.

**COMPLAINT ¶61:**

While employed as a Junior Manager, Nickich was entitled to receive overtime pay for all hours worked over 40.

14

**ANSWER:**

Defendant denies all allegations in Paragraph 61 of the Amended Complaint.

**COMPLAINT ¶62:**

While employed as a Junior Manager, Nickich was an "employee" as defined by 29 U.S.C. § 203(e)(1).

**ANSWER:**

Costco denies the allegations in Paragraph 62 of the Amended Complaint, except admits

that Lock was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

**COMPLAINT ¶63:**

While employed as a Junior Manager, Nickich was an "employee" as defined by NYLL §§ 190(2), 651(5).

**ANSWER:**

Costco denies the allegations in Paragraph 63 of the Amended Complaint, except admits

that Lock was an "employee" within the meaning of NYLL §§ 190(2), 651(5).

*Plaintiff JoAnna McCumber*

**COMPLAINT ¶64:**

McCumber is a resident of Nassau County, New York.

**ANSWER:**

Defendant lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 64 of the Amended Complaint.

**COMPLAINT ¶65:**

McCumber has been employed by Defendant in various positions since approximately 2004.

**ANSWER:**

Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

15

**COMPLAINT ¶66:**

McCumber worked at Defendant's Nesconset store at 3000 Middle Country Rd, Nesconset, NY 11767.

**ANSWER:**

Costco denies all allegations in Paragraph 66 of the Amended Complaint, except admits

that McCumber worked at Costco's Nesconset warehouse located at 3000 Middle Country Road,

Nesconset, New York 11767.

**COMPLAINT ¶67:**

During her tenure as a Junior Manager for Costco, from approximately July 2020 until August 2024, McCumber typically worked five to six shifts per week, typically from 4:00 am until 1:00 pm, aside from Mondays when she typically worked from 4:00 am until between 2:00 pm and 3:00 pm because of mandatory team meetings.

**ANSWER:**

Defendant denies all allegations in Paragraph 67 of the Amended Complaint.

**COMPLAINT ¶68:**

While employed as a Junior Manager, Defendant scheduled McCumber to work five or six nine-hour shifts per week.

**ANSWER:**

Defendant denies all allegations in Paragraph 68 of the Amended Complaint.

**COMPLAINT ¶69:**

While employed as a Junior Manager, McCumber was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

**ANSWER:**

Defendant denies all allegations in Paragraph 69 of the Amended Complaint.

**COMPLAINT ¶70:**

McCumber regularly had to work later than her scheduled shift.

16

**ANSWER:**

Defendant lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 70 of the Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶71:**

As a result, McCumber regularly worked over 40 hours a week.

**ANSWER:**

Defendant lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 71 of the Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶72:**

For example, during the two workweeks between June 19, 2023, through July 2, 2023, McCumber worked over 40 hours in each workweek.

**ANSWER:**

Defendant denies all allegations in Paragraph 72 of the Amended Complaint.

**COMPLAINT ¶73:**

At all times while employed as a salaried Junior Manager, McCumber was paid a weekly salary. McCumber was never paid any additional wages for working over 40 hours a week.

**ANSWER:**

Costco denies the allegations in Paragraph 73 of the Amended Complaint, except avers that

during periods of her employment with Costco, McCumber received a weekly salary and was

classified as exempt from overtime.

**COMPLAINT ¶74:**

For example, during the two workweeks between June 19, 2023, through July 2, 2023, McCumber was paid her biweekly salary of $3,156.80.

**ANSWER:**

Defendant admits the allegations in Paragraph 74 of the Amended Complaint.

**COMPLAINT ¶75:**

According to the paystub provided to McCumber, her salary was to pay her for 80 hours of work at $39.46 an hour.

**ANSWER:**

Defendant denies all allegations in Paragraph 75 of the Amended Complaint.

**COMPLAINT ¶76:**

Defendant failed to record McCumber's actual hours work [*sic*] and report the actual number of hours worked per week on her paystub.

**ANSWER:**

The allegations in Paragraph 76 of the Amended Complaint concern a dismissed claim

(ECF No. 31) to which no response is required.

**COMPLAINT ¶77:**

For example, during the two workweeks between June 19, 2023 and July 3, 2023, Defendant reported that McCumber's "Current Hours Worked" was 80.

**ANSWER:**

The allegations in Paragraph 77 of the Amended Complaint concern a dismissed claim

(ECF No. 31) to which no response is required.

**COMPLAINT ¶78:**

While employed as a Junior Manager, McCumber was entitled to receive overtime pay for all hours worked over 40.

**ANSWER:**

Defendant denies all allegations in Paragraph 78 of the Amended Complaint.

**COMPLAINT ¶79:**

While employed as a Junior Manager, McCumber was an "employee" as defined by 29 U.S.C. § 203(e)(1).

**ANSWER:**

Costco denies the allegations in Paragraph 79 of the Amended Complaint, except admits that McCumber was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

**COMPLAINT ¶80:**

While employed as a Junior Manager, McCumber was an "employee" as defined by NYLL § 651(5).

**ANSWER:**

Costco denies the allegations in Paragraph 80 of the Amended Complaint, except admits that McCumber was an "employee" within the meaning of NYLL § 651(5).

*Plaintiff Lance Lohnes*

**COMPLAINT ¶81:**

Lohnes is a resident of North Brunswick County, North Carolina.

**ANSWER:**

Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 81 of the Amended Complaint.

**COMPLAINT ¶82:**

Lohnes has been employed by Defendant in various positions since February 19, 1992.

**ANSWER:**

Defendant denies the allegations in Paragraph 82 of the Amended Complaint, except admits that Lohnes has worked in various positions for Costco.

**COMPLAINT ¶83:**

Lohnes worked as a Junior Manager at Defendant's Nesconset store at 3000 Middle Country Rd, Nesconset, NY 11767.

19

**ANSWER:**

Costco denies all allegations in Paragraph 66 of the Amended Complaint, except admits that Lohnes worked at Costco's Nesconset warehouse located at 3000 Middle Country Road, Nesconset, New York 11767.

**COMPLAINT ¶84:**

Defendant employed Lohnes as a salaried Junior Manager from June 2014 until November 2022 and from July 2023 until October 2023.

**ANSWER:**

Defendant denies all allegations in Paragraph 84 of the Amended Complaint.

**COMPLAINT ¶85:**

For the entire period Plaintiff worked as a Junior Manager, Plaintiff worked between five or six shifts per week. Defendant typically scheduled Lohnes from 2:00 pm until 11:00 pm, but he often worked from 2:00 pm until approximately 1:00 or 2:00 a.m.

**ANSWER:**

Defendant denies all allegations in Paragraph 85 of the Amended Complaint.

**COMPLAINT ¶86:**

While employed as a Junior Manager, Lohnes was regularly not able to take uninterrupted meal breaks exceeding 15 minutes.

**ANSWER:**

Defendant denies all allegations in Paragraph 86 of the Amended Complaint.

**COMPLAINT ¶87:**

Lohnes regularly had to work later than his scheduled shift.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny Paragraph 87 of the Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶88:**

As a result, Lohnes regularly worked over 40 hours a week.

**ANSWER:**

Defendant lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 88 of the Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶89:**

For example, during the two workweeks between July 31, 2023 and August 13, 2023, Lohnes worked over 40 hours in each workweek.

**ANSWER:**

Defendant denies all allegations in Paragraph 89 of the Amended Complaint.

**COMPLAINT ¶90:**

At all times while employed as a salaried Junior Manager, Lohnes was paid a weekly salary. Lohnes was never paid any additional wages for working over 40 hours a week.

**ANSWER:**

Defendant denies all allegations in Paragraph 90 of the Amended Complaint.

**COMPLAINT ¶91:**

For example, during the two workweeks between July 31, 2023 and August 13, 2023, Lohnes was paid his biweekly salary of $3,115.

**ANSWER:**

Defendant denies all allegations in Paragraph 91 of the Amended Complaint, except admits

that during this time period, Lohnes was paid a biweekly salary.

**COMPLAINT ¶92:**

According to the paystub provided to Lohnes, his salary was to pay him for 80 hours of work at $38.94 an hour.

**ANSWER:**

Defendant denies all allegations in Paragraph 92 of the Amended Complaint.

**COMPLAINT ¶93:**

Defendant failed to record Lohnes's actual hours work and report the actual number of hours worked per week on his paystub.

**ANSWER:**

The allegations in Paragraph 93 of the Amended Complaint concern a dismissed claim (ECF No. 31) to which no response is required.

**COMPLAINT ¶94:**

For example, during the two workweeks between July 31, 2023 and August 13, 2023, Defendant reported that Lohnes's "Current Hours Worked" was 80.

**ANSWER:**

The allegations in Paragraph 94 of the Amended Complaint concern a dismissed claim (ECF No. 31) to which no response is required.

**COMPLAINT ¶95:**

While employed as a Junior Manager, Lohnes was entitled to receive overtime pay for all hours worked over 40.

**ANSWER:**

Defendant denies all allegations in Paragraph 95 of the Amended Complaint.

**COMPLAINT ¶96:**

While employed as a Junior Manager, Lohnes was an "employee" as defined by 29 U.S.C. § 203(e)(1).

**ANSWER:**

Costco denies the allegations in Paragraph 96 of the Amended Complaint, except admits that Lohnes was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

**COMPLAINT ¶97:**

While employed as a Junior Manager, Lohnes was an "employee" as defined by NYLL § 651(5).

**ANSWER:**

Costco denies the allegations in Paragraph 97 of the Amended Complaint, except admits that Lohnes was an "employee" within the meaning of NYLL § 651(5).

***Defendant Costco Wholesale Corporation***

**COMPLAINT ¶98:**

At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll and other employment practices that applied to them.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the meaning of the phrase "maintained control, oversight, and direction over Plaintiffs . . . including timekeeping, payroll and other employment practices" as used in Paragraph 98 of the Amended Complaint.

**COMPLAINT ¶99:**

Defendant applied the same employment policies, practices, and procedures to all Plaintiffs while they were employed as Junior Managers, including policies, practices, and procedures with respect to classification and payment of overtime compensation.

**ANSWER:**

Costco denies all allegations in Paragraph 99 of the Amended Complaint.

**COMPLAINT ¶100:**

Defendant is a foreign corporation, authorized to do business pursuant to the laws of the State of New York.

**ANSWER:**

Costco denies all allegations in Paragraph 100 of the Amended Complaint, except admits that it is a corporation authorized to do business in New York.

**COMPLAINT ¶101:**

Defendant's headquarters are located at 900 Lake Drive, Issaquash, WA 98027.

23

**ANSWER:**

Costco denies all allegations in Paragraph 101 of the Amended Complaint, except avers that its corporate offices are located at 999 Lake Drive, Issaquah, WA 98027.

**COMPLAINT ¶102:**

Defendant employed employees, including Plaintiffs.

**ANSWER:**

Costco admits the allegations in Paragraph 102 of the Amended Complaint.

**COMPLAINT ¶103:**

Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

**ANSWER:**

Costco admits the allegations in Paragraph 103 of the Amended Complaint.

**COMPLAINT ¶104:**

Defendant is an "employer" within the meaning of NYLL § 651(6).

**ANSWER:**

Costco admits the allegations in Paragraph 104 of the Amended Complaint.

**COMPLAINT ¶105:**

At all relevant times, the activities of Defendant constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

**ANSWER:**

Costco admits the allegations in Paragraph 105 of the Amended Complaint.

**COMPLAINT ¶106:**

Defendant maintains control, oversight, and direction over its operations and employment practices.

24

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the meaning of the phrase "maintains control, oversight, and direction" as used in Paragraph 106 of the Amended Complaint.

**COMPLAINT ¶107:**

At all times hereinafter mentioned, Defendant employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the meaning of the phrase "regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce" as used in Paragraph 107 of the Amended Complaint, but admits that it is an employer within the meaning of the FLSA.

**COMPLAINT ¶108:**

At all times hereinafter mentioned, Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

**ANSWER:**

Costco admits the allegations in Paragraph 108 of the Amended Complaint.

**COMMON FACTUAL ALLEGATIONS**

**COMPLAINT ¶109:**

Plaintiffs contend that they are due overtime premiums under the FLSA and NYLL while they were employed as Junior Managers because Defendant misclassified Plaintiffs as exempt from the FLSA and the NYLL and required Plaintiffs to work over 40 per workweek.

25

**ANSWER:**

Paragraph 109 of the Amended Complaint purports to summarize Plaintiffs' contentions, to which no response is required.

**COMPLAINT ¶110:**

Regardless of the location at which Plaintiffs worked for Defendant as Junior Managers, Defendant's policies and practices remained substantially the same.

**ANSWER:**

Costco denies the allegations in Paragraph 110 of the Amended Complaint.

***Costco Misclassification and Unpaid Overtime Wages***

**COMPLAINT ¶111:**

Defendant Costco misclassified Plaintiffs, while employed as Junior Managers, as exempt from overtime.

**ANSWER:**

Costco denies all allegations in Paragraph 111 of the Amended Complaint.

**COMPLAINT ¶112:**

Plaintiffs were paid a fixed salary regardless of hours they worked in one workweek.

**ANSWER:**

Costco denies the allegations in Paragraph 112 of the Amended Complaint, except avers that when Plaintiffs were classified as overtime-exempt during their employment with Costco, they were paid on a "salary basis" as that term is defined in 29 C.F.R. § 541.602(a) and 12 NYCRR §§ 142-3.12(c)(2)(i)(e), (ii)(d).

**COMPLAINT ¶113:**

Plaintiffs were paid their fixed salaries for 40 hours of work each week.

**ANSWER:**

Costco denies the allegations in Paragraph 113 of the Amended Complaint, except avers that when Plaintiffs were classified as overtime-exempt during their employment with Costco, they were paid on a "salary basis" as that term is defined in 29 C.F.R. § 541.602(a) and 12 NYCRR §§ 142-3.12(c)(2)(i)(e), (ii)(d).

**COMPLAINT ¶114:**

Defendant, however, required Plaintiffs to work in excess of 40 hours per week.

**ANSWER:**

Costco denies all allegations in Paragraph 114 of the Amended Complaint.

**COMPLAINT ¶115:**

Plaintiffs were scheduled to work at least five nine-hour shifts a week.

**ANSWER:**

Costco denies all allegations in Paragraph 115 of the Amended Complaint.

**COMPLAINT ¶116:**

Plaintiffs regularly worked beyond their scheduled end time.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny Paragraph 116 of the Amended Complaint because the meaning of the word "regularly" is not clear.

**COMPLAINT ¶117:**

Defendant was aware or should have been aware of all the work that Plaintiffs performed as Junior Managers.

**ANSWER:**

Costco denies all allegations in Paragraph 117 of the Amended Complaint.

**COMPLAINT ¶118:**

Plaintiffs did not take uninterrupted meal breaks each shift.

27

**ANSWER:**

Costco denies all allegations in Paragraph 118 of the Amended Complaint.

**COMPLAINT ¶119:**

Plaintiffs were unable to take uninterrupted meal breaks as Junior Managers because, *inter alia*, they were interrupted while on break by other employees contacting them on their company-issued walkie-talkie.

**ANSWER:**

Costco denies all allegations in Paragraph 119 of the Amended Complaint.

**COMPLAINT ¶120:**

Defendant did not pay Plaintiffs time and one half for all hours worked over 40 in a workweek in violation of the FLSA and the NYLL.

**ANSWER:**

Costco denies all allegations in Paragraph 120 of the Amended Complaint.

***Defendant's Actions Were Willful and Done Without Reasonable Good Faith***

**COMPLAINT ¶121:**

At all times relevant, Defendant's policies and practices were willful. As part of its business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, or policy that did not comport with the FLSA and the NYLL.

**ANSWER:**

Costco denies all allegations in Paragraph 121 of the Amended Complaint.

**COMPLAINT ¶122:**

Defendant was or should have been aware that the FLSA and the NYLL required it to pay its Plaintiffs premium overtime pay for all hours worked over 40 per week.

**ANSWER:**

Costco denies all allegations in Paragraph 122 of the Amended Complaint.

**COMPLAINT ¶123:**

Defendant did not perform a time study or analysis on Plaintiffs' job duties and hours worked.

28

**ANSWER:**

Costco denies all allegations in Paragraph 123 of the Amended Complaint.

**COMPLAINT ¶124:**

Defendant neither interviewed Plaintiffs nor retained a third-party or agent to interview Plaintiffs about their job duties and hours worked, for purposes of determining whether Plaintiffs were properly denied overtime.

**ANSWER:**

Costco denies all allegations in Paragraph 124 of the Amended Complaint.

**COMPLAINT ¶125:**

Plaintiffs are unaware of Defendant engaging in any studies or analysis of their duties.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 125 of the Amended Complaint.

**COMPLAINT ¶126:**

Upon information and belief, Defendant never obtained an opinion from an attorney, expert, or government agency as to whether Plaintiffs were properly exempted from overtime pay.

**ANSWER:**

Costco denies all allegations in Paragraph 126 of the Amended Complaint.

**COMPLAINT ¶127:**

Upon information and belief, a reasonable employer inquiring into this issue would have determined that Plaintiffs, while employed as Junior Managers, were not exempt from the FLSA and NYLL overtime requirements.

**ANSWER:**

Costco denies all allegations in Paragraph 127 of the Amended Complaint.

**COMPLAINT ¶128:**

That is because, *inter alia*, as Junior Managers, Plaintiffs were mid-level managers whose duties do not meet the requirements to be exempt from overtime under the "executive" exemptions of the FLSA and NYLL.

**ANSWER:**

Costco denies all allegations in Paragraph 128 of the Amended Complaint.

**COMPLAINT ¶129:**

Junior Managers could not hire Costco employees.

**ANSWER:**

Costco denies all allegations in Paragraph 129 of the Amended Complaint.

**COMPLAINT ¶130:**

Junior Managers could not fire Costco employees.

**ANSWER:**

Costco denies all allegations in Paragraph 130 of the Amended Complaint.

**COMPLAINT ¶131:**

Plaintiffs never hired any Costco employees.

**ANSWER:**

Costco denies all allegations in Paragraph 131 of the Amended Complaint.

**COMPLAINT ¶132:**

Plaintiffs never fired any Costco employees.

**ANSWER:**

Costco denies all allegations in Paragraph 132 of the Amended Complaint.

**COMPLAINT ¶133:**

Plaintiffs, as Junior Managers, were subordinates of the heads of their applicable department. These department heads are referred to as Senior Managers.

**ANSWER:**

Costco denies all allegations in Paragraph 133 of the Amended Complaint.

**COMPLAINT ¶134:**

Senior Managers include the Merchandizing Manager, the Receiving Manager, Frontend Manager, and Administrative Manager.

**ANSWER:**

Costco admits the allegations in Paragraph 134 of the Amended Complaint.

**COMPLAINT ¶135:**

Plaintiffs followed the direction of and reported to Senior Managers.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the meaning of the phrase "followed the direction of and reported to" as used in Paragraph 135 of the Amended Complaint.

**COMPLAINT ¶136:**

Plaintiffs also followed the direction of and report to Assistant General Managers.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the meaning of the phrase "followed the direction of and reported to" as used in Paragraph 136 of the Amended Complaint.

**COMPLAINT ¶137:**

Plaintiffs, like the Assistant General Managers and Senior Managers, followed the direction of and report to the General Manager of their store.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the meaning of the phrase "like the Assistant General Managers and Senior Managers, followed the direction of and reported to" as used in Paragraph 137 of the Amended Complaint.

**COMPLAINT ¶138:**

Plaintiffs spend the majority of their time on customer service and merchandising tasks.

**ANSWER:**

Costco denies all allegations in Paragraph 138 of the Amended Complaint.

31

**COMPLAINT ¶139:**

Management-type duties, such as scheduling or writing up employees, make up a small percentage of Plaintiffs' working time as Junior Mangers. This management-type work was done at the discretion of the Senior Managers and other superiors.

**ANSWER:**

Costco denies all allegations in Paragraph 139 of the Amended Complaint.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**

**COMPLAINT ¶140:**

Plaintiffs incorporates by reference all preceding allegations.

**ANSWER:**

Costco repeats its responses to Paragraph 1 through 139 of the Amended Complaint as

though fully set forth herein.

**COMPLAINT ¶141:**

Plaintiffs are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

**ANSWER:**

Costco denies all allegations in Paragraph 141 of the Amended Complaint.

**COMPLAINT ¶142:**

Defendant employed Plaintiffs for workweeks longer than 40 hours and willfully did not compensate Plaintiffs for all the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a) (1).

**ANSWER:**

Costco denies all allegations in Paragraph 142 of the Amended Complaint.

**COMPLAINT ¶143:**

Plaintiffs expressed their consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A (Consents).

32

**ANSWER:**

Costco denies all allegations in Paragraph 143 of the Amended Complaint, except admits that Plaintiffs filed what purport to be consent forms.

**COMPLAINT ¶144:**

Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation to Plaintiffs.

**ANSWER:**

Costco denies all allegations in Paragraph 144 of the Amended Complaint.

**COMPLAINT ¶145:**

Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**ANSWER:**

Costco denies all allegations in Paragraph 145 of the Amended Complaint.

**COMPLAINT ¶146:**

As a consequence of the underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**ANSWER:**

Costco denies all allegations in Paragraph 146 of the Amended Complaint.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**

**COMPLAINT ¶147:**

Plaintiffs incorporate by reference all preceding allegations.

**ANSWER:**

Costco repeats its responses to Paragraph 1 through 146 of the Amended Complaint as though fully set forth herein.

33

**COMPLAINT ¶148:**

At all times relevant, Plaintiffs were employees and Defendant was their employer within the meaning of the NYLL.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the meaning of the phrase "all times relevant" as used in Paragraph 148 of the Amended Complaint, but admits that it is an employer within the meaning of the NYLL.

**COMPLAINT ¶149:**

Defendant failed to pay Plaintiffs at a rate of less than one and one-half time their regular rate for all hours worked.

**ANSWER:**

Costco lacks knowledge or information sufficient to admit or deny the meaning of the phrase "failed to pay . . . at a rate of less than one and one-half time" as used in Paragraph 149 of the Amended Complaint.

**COMPLAINT ¶150:**

By the course of conduct set forth above, Defendant violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

**ANSWER:**

Costco denies all allegations in Paragraph 150 of the Amended Complaint.

**COMPLAINT ¶151:**

Defendants' failure to pay all overtime compensation due to Plaintiffs was willful or otherwise lacked sufficient good faith within the meaning of NYLL § 663.

**ANSWER:**

Costco denies all allegations in Paragraph 151 of the Amended Complaint.

**COMPLAINT ¶152:**

As a consequence of the willful underpayment of wages, alleged above, Plaintiffs incurred damages thereby and Defendant is indebted to them in the amount of the unpaid wages and such

other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

**ANSWER:**

Costco denies all allegations in Paragraph 152 of the Amended Complaint.

**COMPLAINT ¶153:**

Plaintiffs further seek the recovery liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

**ANSWER:**

Costco admits that Plaintiffs seek damages under the NYLL, but Costco denies that Plaintiffs are entitled to any relief requested in the Amended Complaint or any other relief.

### AS TO THE PRAYER FOR RELIEF CLAUSE

Costco denies that Plaintiffs are entitled to any relief requested in the PRAYER FOR RELIEF clause of the Amended Complaint, or to any other relief. Costco further denies that any individual are similarly situated to Plaintiffs for purposes of collective or class action treatment.

### GENERAL DENIAL

Costco denies each and every allegation in the Amended Complaint not specifically admitted or otherwise responded to herein.

### AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that is otherwise does not have as a matter of law, Costco asserts the following affirmative and other defenses.

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims for relief may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands to the extent they did not record their time properly,

35

honestly, and/or completely, or otherwise acted in violation of Costco policy with respect to their timekeeping.

### THIRD DEFENSE

Plaintiffs have received full payment for all work performed for Costco and were paid in compliance with the FLSA and NYLL.

### FOURTH DEFENSE

Plaintiffs' claims are barred because they were properly classified as exempt from overtime under 29 C.F.R. Part 541 and the NYLL analogue.

### FIFTH DEFENSE

Costco is not liable for any alleged underpayments resulting from alleged work time as to which Costco was unaware and had no reason to be aware.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they failed to report alleged hours worked for which they were not paid and/or failed to avail themselves of the reporting mechanisms, open door policies, and/or grievance procedures available to them.

### SEVENTH DEFENSE

The claims asserted in the Amended Complaint are barred in whole or in part because some or all of the activities for which Plaintiffs seek compensation are not "work" within the meaning of the FLSA and NYLL.

### EIGHTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, to the extent they are based on non-compensable activities, including pre- and postliminary activities and/or de minimis activities.

36

### NINTH DEFENSE

Plaintiffs may not recover liquidated damages, because Costco acted in good faith at all times, because neither Costco nor any of its officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, outrageous, or malicious act or authorized or ratified any such act with respect to Plaintiffs, and/or because Plaintiffs failed to plead facts sufficient to support recovery of such damages.

### TENTH DEFENSE

Some of the claims for damages asserted in the Amended Complaint may be subject to setoff, offset, credits, and/or recoupment.

### ELEVENTH DEFENSE

Costco's actions with respect to Plaintiffs were taken in good faith in conformity with and in reliance on one or more written administrative regulation, order, ruling approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

### TWELFTH DEFENSE

Costco's actions with respect to Plaintiffs were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the law pursuant to 29 U.S.C. § 260. Plaintiffs are therefore not entitled to liquidated damages.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the doctrine of payment and release apply.

### FOURTEENTH DEFENSE

Costco states, in the alternative if necessary, that Plaintiffs have received full payment for all work performed, thereby barring their claims; alternatively, Costco is entitled to an offset of any amount of relief claimed by Plaintiffs based on compensation previously paid by Costco to

37

such individuals for any hours when they were not performing work and for any other compensation they would not have received if their allegations are proven to be true.

## RESERVATION OF RIGHTS

In addition to the defenses state above, Costco reserves the right to assert any additional affirmative and other defenses as they become known during the pendency of this action.

**WHEREFORE**, Costco requests that the Court enter judgment dismissing the Amended Complaint in its entirety with prejudice; granting to Costco its costs and attorneys' fees; and granting to Costco such other relief as the Court may deem just and proper.

Dated: New York, New York
      June 15, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:/s/ *Robert S. Whitman*
    Robert S. Whitman
    Kyle D. Winnick
    rwhitman@seyfarth.com
    kwinnick@seyfarth.com
    620 Eighth Avenue
    New York, New York  10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526

Attorneys for Defendant
Costco Wholesale Corporation

326357886v.2